MORRIS ISAAC, Appellant, v. BOHN-VERDIN LUMBER COMPANY, Respondent.

### St. Louis Court of Appeals, November 24, 1891.

**Practice, Appellate:** DISMISSAL OF CAUSE FOR INSUFFICIENCY OF THE STATEMENT AND BRIEF OF THE APPELLANT. The appeal in this cause is dismissed, owing to the failure of the statement and brief of the appellant to comply with the statute and the rules of this court.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

APPEAL DISMISSED.

*A. R. Taylor, M. F. Taylor* and *R. L. McLaran,* for appellant.

*T. J. Rowe,* for respondent.

ROMBAUER, P. J.—The law provides (R. S. 1889, sec. 2301): "On appeals and writs of error each party shall make out and furnish the court with a clear and concise statement of the case." Rule 15 of this court provides that such statement shall contain a clear and concise statement of the pleadings and facts shown by the record. Rule 18 of this court further provides that the brief of appellant or plaintiff in error shall distinctly and separately allege the errors committed by the inferior court, and rule 19 imposes the penalty of a dismissal of the appeal on any party who fails to comply with the provisions of rule 15. These provisions are made for the benefit of litigants and the court alike, and the supreme court has decided that they cannot be waived by stipulation between the parties. *Disse v. Frank,* 52 Mo. 551.

The paper filed in the case at bar, which purports to be a statement and assignment of errors, contains no reference either to the evidence or instructions, and does not point out any error committed by the trial court, nor does it show that any exception was taken to any ruling, except to the action of the court in overruling plaintiff's motion for a new trial. Certain legal propositions are argued in plaintiff's brief, but their bearing upon the facts of the case, or upon the rulings of the trial court are nowhere shown, except by conjecture. The statement is no better than the one in *Coleman v. Farrar*, 14 S. W. Rep. 825.

We have been very lenient in these matters and have not dismissed appeals for insufficiency of statement, so long as we could gather a fair statement of the facts and of the appellant's exceptions from any part of his brief, but we must decline to hunt through the record to discover exceptions which the appellant has taken, or errors of which the appellant *might have* justly complained. The appeal is dismissed. All the judges concur.