S. G. SOUTHWICK, Respondent, v. LIZZIE SOUTH-WICK, Appellant.

St. Louis Court of Appeals, February 17, 1903.

Appeal: PRACTICE, APPELLATE: DISMISSAL OF APPEAL. Under the provisions of section 863, Revised Statutes 1899, requiring each party to a civil appeal to furnish a clear statement of the case and the points to be insisted on, and Rule 15 of the Court of Appeals requiring the appellant to file briefs containing "a concise statement of the pleadings and facts shown by the record," an appeal will be dismissed when the only reference to the pleadings, or facts, is contained in the parenthetical sentence (see petition and evidence in the case).

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

APPEAL DISMISSED.

Southwick v. Southwick.

*Harris & Parham* for appellant.

*Sam Meeks* for respondent.

The husband or wife can not maintain a suit for divorce on the grounds of indignities offered by the children of the defendant, unless such indignities were brought to the knowledge of the defendant. 68 Mo. App. 205. And it must appear that the plaintiff was the innocent and injured party, and that the indignities complained of were of such a nature as to tend to the subversion of the family relation. Webb v. Webb, 44 Mo. App. 229.

BLAND, P. J.—Rule 15, of this court, requires the appellant in a civil case to file with the clerk of the court, at least one day before the cause is called for trial, four copies of a brief, containing: "First. A clear and concise statement of the pleadings and facts shown by the record. Second. An enumeration in numerical order of the points or legal propositions made or relied on, accompanied by the citation of authorities supporting each proposition," etc.

Section 863, Revised Statutes 1899, requires that on appeal or writ of error, each party on or before the day next preceding the day on which the cause is docketed for hearing shall make out and furnish the court with a clear and concise statement of the case and the points intended to be insisted on in argument.

Rule 15 is the court's interpretation of this statute.

Appellant has substantially complied with the second requirement of the statute by stating the propositions relied on for a reversal of the judgment, but has utterly failed to comply with the first requirement of the rule. The only reference to the pleadings or the facts made in her brief is the following parenthet-

ical sentence, to-wit: "See petition and evidence in the case." The penalty for failure of appellant to comply with rule 15 is, that the court shall dismiss the appeal or reset the case (see rule 19). We have not been asked to reset the case, therefore, we dismiss the appeal. *Reyburn* and *Goode, JJ.,* concur.