# THE STATE ex rel. and to Use of KANSAS CITY LIGHT & POWER COMPANY v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals, and SAMUEL K. PYLE.

In Banc, February 9, 1922.

1. **BILL OF EXCEPTIONS: Signing by Trial Judge: Criminal Cases.** Decisions in criminal cases are not in point on the question whether the abstract in a civil case was properly signed.

2. ———: ———: **Sufficient Showing: Wrongful Dismissal: Mandamus.** An abstract of the record in a civil case showing a record entry that "the bill of exceptions was duly filed by appellant in the office of the clerk of the court, and allowed, signed, sealed and ordered made a part of the record in the cause by the court" expressly shows a signing of the bill, and the case cannot be dismissed on the ground that there is no showing that the bill was signed; and if dismissed on said ground by the Court of Appeals, mandamus will lie in the Supreme Court to compel a reinstatement of the case.

3. **APPEAL: Insufficient Statement: Dismissal: Mandamus.** The statute (Sec. 1511, R. S. 1919) does not prescribe any penalty for the failure of an appellant to file a sufficient statement of the case; and while the Court of Appeals has power to prescribe rules governing the transaction of the court's business, a rule declaring that "any statement not complying with this rule shall be disregarded" does not authorize a dismissal of the case; and where such is the only penalty fixed by either the statute or rules, and the case is dismissed on the ground that the statement was insufficient, mandamus to compel a reinstatement will lie in the Supreme Court.

## Mandamus.

WRIT GRANTED.

*John H. Lucas, William C. Lucas,* and *Ludwick Graves* for appellant.

State ex rel. Light & Power Co. v. Trimble.

(1)   The opinion of the Court of Appeals is erro-
neous in that the provisions of Sec. 1462, R. S. 1919, were
complied with.   The bill of exceptions does purport to
have been signed by the judge of the Circuit Court of
Jackson County.   Section 1459, Revised Statutes 1919,
provides:  "The persons composing the court shall, if
such bill be true, sign the same."   Sections 1461 and
1462, cited in the opinion, have no relation to the instant
matter whatever.   (2)   The opinion is in error that the
statement does not comply with Section 1511, Revised
Statutes 1919, and Rule 16 of said court.   Sec. 1511,
R. S. 1919; Mo. Constitution, secs. 10, 30, art. 2; Con-
stitution of United States, sec. 5, art. 14; Collier v. Lead
Co., 208 Mo. 263; Mugan v. Wheeler, 241 Mo. 379; Frick
v. Ins. Co., 279 Mo. 158; First Nat. Bank v. Security
Ins. Co., 222 S. W. 834; Sedberry v. Gwynn, 222 S. W.
787; Kirkland v. Bixby, 222 S. W. 463; Vahldick v.
Vahldick, 264 Mo. 531, 175 S. W. 199; Williams v. K. C.
Terminal Ry. Co., 223 S. W. 135.; Lange v. Midwest
Motor Securities, 231 S. W. 274; Mass. Bond. & Ins. Co.
v. Coal Co., 226 S. W. 961.

*E. H. Gamble, S. L. Trusty, W. W. McCanles* and
*F. M. Kennard* for respondents.

(1)   Neither the recital of relator's abstract of the
record proper that the bill of exceptions was duly signed,
nor the recital at the conclusion of said abstract of the
bill itself that the court signed the bill, nor both together,
are a sufficient showing that the bill was signed by the
trial judge.   R. S. 1919, secs. 1459, 1462; Garth v. Cald-
well, 72 Mo. 622; Roberts v. Jones, 148 Mo. 368; Cooper
v. Maloney, 162 Mo. 684; Reno v. Fitz Jarrell, 163 Mo.
411; State v. Collins, 196 Mo. 87; Harding v. Bedoll, 202
Mo. 625; State v. Brown, 216 Mo. 377; State v. Brown,
164 Mo. App. 726; State v. Watts, 248 Mo. 494; State v.
Griffin, 249 Mo. 624; Wank v. Peet, 190 S. W. 88; State
v. Bockstruck, 192 S. W. 404; K. C. v. Mullins, 204 S. W.

732; Williams v. Term. Ry. Co., 223 S. W. 132; Gleason v. Shoe Co., 228 S. W. 525. (2)    The statement filed by relator in the Court of Appeals was not "a clear and concise statement of the case" as required by R. S. 1919, sec. 1511, nor is it "without argument, reference to issues of law, or repetition of testimony of witnesses," as required by Rule 16 of said court. It does contain argument, it does refer to the issues, it does repeat testimony. It is not even an attempt to satisfy the demands of the statute, and it flies into the very face of the rule, and on both grounds warranted the court in declining to consider the merits. R. S. 1919, sec. 1511; Long v. Long, 96 Mo. 180; Snyder v. Free, 102 Mo. 325; Mills v. McDaniels, 59 Mo. App. 331; Lawson v. Mills, 150 Mo. 428; Royal v. Ry. Co., 190 S. W. 573; Redmonvowh v. Ins. Co., 204 S. W. 586; Fowles v. Clover Co., 205 S. W. 874; Dodson v. Karshmer Co., 204 S. W. 590; Robinson v. Slater, 209 S. W. 557; Dameron v. Hamilton, 225 S. W. 110; Hartweg v. Rys. Co., 231 S. W. 269; Malone v. Rys. Co., 232 S. W. 782; Mathews v. O'Donnell, 233 S. W. 451. (3)    The Court of Appeals had the right to adopt, interpret and enforce Rule 16 of its own motion, and without interference of this court. State v. Bockstruck, 204 S. W. 732; Hutson v. Allen, 236 Mo. 645; St. Louis v. Young, 218 Mo. 340; R. S. 1919, sec. 2337; Brooks v. Boswell, 34 Mo. 474; State ex rel. v. Tolle, 71 Mo. 645; Maloney v. Hunt, 29 Mo. App. 379; State v. Fenley, 18 Mo. 445; Pelz v. Bolinger, 180 Mo. 253; Harding v. Bedoll, 202 Mo. 625; Sullivan v. Holbrock, 211 Mo. 99; Kolkas v. Railroad, 223 Mo. 455; Coombs v. Lumber Co., 197 S. W. 342; State ex rel. v. Johnson, 266 Mo. 662.

JAMES T. BLAIR, C. J.—Mandamus. The purpose of this proceeding is to compel the Kansas City Court of Appeals to set aside its affirmance of the judgment in the case of Samuel G. Pyle v. Kansas City Light & Power Company, the relator in this case. The Pyle Case had resulted in a judgment against relator, and an appeal had been taken to the Court of Appeals. When the case

State ex rel. Light & Power Co. v. Trimble.

came on for hearing the Court of Appeals assigned two reasons for affirming the judgment: First, that there was no showing that the bill of exceptions was signed, and that it appeared that the record proper disclosed no error; and (2) that appellant's statement of the case was insufficient under the statute (Sec. 1511, R. S. 1919) and Rule 16 of the court. TRIMBLE, J., dissented.

Relator contends the court was in error with respect to both these matters to such an extent that mandamus can be employed in the manner in which it seeks to employ it.

I. The abstract of the record proper before the Court of Appeals in the Pyle Case contained this: "The bill of exceptions was duly filed by the appellant in the office of the clerk of the court and allowed, signed, sealed and ordered made a part of the record in the cause by the court." This entry expressly shows the signing of the bill. The decisions in criminal cases which were cited by the court and which are now cited by respondents' counsel are not in point. In such cases the statute (Sec. 4102, R. S. 1919) requires the clerk of the circuit court to certify to the appellate court a full transcript of all proceedings "including the bill of exceptions," and thus there is placed before the court the best evidence on the question whether the bill was signed. If the transcript of the bill, before the court in due procedure, disproves a record entry of the signing of the bill, the former governs. [State v. Watts, 248 Mo. l. c. 497; State v. Griffin, 249 Mo. l. c. 626; State v. Bockstruck, 192 S. W. 404; State v. Brown, 164 Mo. App. l. c. 727.] In Garth v. Caldwell, 72 Mo. l. c. 626, 627, it appeared, as a fact, that no bill of exceptions had ever been signed during the time when it legally could have been done. Roberts v. Johnson, 148 Mo. 568, followed that case, and Reno v. Fitz Jarrell, 163 Mo. 411, followed Roberts v. Johnson on that point. Another ground of decision seems principally to have influenced this last mentioned decision. In Cooper v. Maloney, 162

Bill of Exceptions.

Mo. l. c. 686, 687, it seems to have appeared, as a fact, that no bill had ever been signed. The cases there cited on this point were cases which dealt with situations in which there was actually no bill of exceptions and that fact appeared from the record. The dissenting opinion of TRIMBLE, J., in Williams v. Kansas City Terminal Railway Company, 223 S. W. l. c. 134 et seq., when applied to a record like that in this case, reaches the correct conclusion. It may be added that the abstract in question showed at the close of the matter printed under the head of "Bill of Exceptions" the usual recital, which included the statement that the court in due time signed the bill. With the greatest respect for our brethren of the Court of Appeals, we reach the conclusion that the first reason given for affirming the judgment was unsound, in that the signing of the bill of exceptions sufficiently appeared from the abstract. It followed that matters of exception were open for consideration. In the circumstances mandamus lies to secure their consideration (State ex rel. v. Ellison, 277 Mo. l. c. 55) unless the second reason given by the court for its action is sound.

II. The second reason given by the Court of Appeals concerns the sufficiency of the statement. Interesting questions concerning the record, as printed here, and the power of this court to compel a Court of Appeals to make up its mind that a statement in a case before it is sufficient when tested by the standard fixed by the statute and rule of court and concerning the power of this court to require a court of appeals to hold a statement insufficient in other circumstances, might arise if another question had not intervened. Section 1511, Revised Statutes 1919, does not prescribe any penalty for a failure of an appellant to file a sufficient statement. The court relied upon the statute and its Rule 16. As precedents for its action in affirming the judgment because of the insufficiency of the statement, the court cited certain cases. In Wilkerson v. Knights & Ladies of Se-

curity, 218 S. W. 976, there was a failure to comply with Rule 15 of the court, as well as a failure to file an adequate statement under Rule 16. In that case the court cited Disse v. Frank, 52 Mo. 551, in which counsel merely stipulated that the Supreme Court should dispose of the case on the record. No brief was filed. In Lawson v. Mills, 150 Mo. 428, though reference is made to the statement, the appeal was apparently dismissed for other reasons which came within the then rule authorizing dismissal. Neither of the cases cited in that case was disposed of on the statement alone. In Mills v. McDaniels, 59 Mo. App. l. c. 334, two reasons were given for dismissing the appeal—one was the insufficiency of the statement. The same thing is true of Brown v. Murray, 53 Mo. App. 184. In the case of Riordan v. Blenke, 24 Mo. App. 357, the St. Louis Court of Appeals dismissed the appeal because there was no statement and brief. The rules prescribed dismissal as the penalty for such an omission. The same is true of Isaac v. Lumber Co., 47 Mo. App. 30. In Southwick v. Southwick, 99 Mo. App. 156, a rule was followed which prescribed a dismissal of the appeal as the penalty for failure to file a statement. In Ebersole v. Rankin, 13 S. W. 756; Coleman v. Farrar, 14 S. W. 825, and in Snyder v. Free, 102 Mo. 325, it appears that appeals were dismissed by this court for want of a sufficient statement In Snyder v. Free, a writ of error was sued out, and the case then heard on the merits, 114 Mo. 360. In Ebersole v. Rankin, and in Coleman v. Farrar, this court set aside the dismissals and heard the cases on the merits, 102 Mo. 488, 112 Mo. 54. In one of these a stipulation setting aside the dismissal was allowed, and in the other the court sustained the motion on a showing that counsel was unaware of the existence of the statute. The rules of the Supreme Court might have been open to the construction that they prescribed a dismissal of the appeal as a penalty in case a statement was insufficient. They have clearly prescribed that penalty since April 10, 1916. Rule 16 of the Kansas City Court of Appeals does not so prescribe. The penalty it fixes is merely that "any statement not comply-

ing with this rule shall be disregarded.'' The statute (Sec. 1511, R. S. 1919) fixes no penalty. While Section 1480, Revised Statutes 1919, applies only to Sections 1478 and 1479, Revised Statutes 1919, and does not cover rules for the enforcement of Section 1511, yet, even if Section 2337, Revised Statutes 1919, pertains solely to other matters, the court has inherent power to prescribe rules governing the transaction of the court's business. When such a rule has been made and is applicable to a particular matter and provides what penalty shall be inflicted for non-compliance with the rule, then the court is in no position to inflict any penalty save that named in its rule. The Kansas City Court of Appeals in Arkansas Valley Trust Co. v. Corbin, 192 Mo. App. l. c. 155, held that in such circumstances the infliction of a different penalty than that fixed by the rule would be *ex post facto* in its nature and would not be warranted. In Hermann Savings Bank v. Kropp, 181 S. W. l. c. 88, this court held that such a rule had some of the force of a statute and ought to be adhered to until changed. This case disposes of some other authorities cited. In the instant case what the Court of Appeals has done, so far as the rule is concerned, is to hold that under its rule it cannot proceed and has affirmed the judgment. In doing this it inflicted a penalty which its rule, designed to provide the practice under Section 1511, Revised Statutes 1919, did not authorize. This, under the authorities cited, it could not do. If it be said that this substantially relieves an appellant in the Kansas City Court of Appeals from filing a statement, it must be answered that, if so, it is the court's own choice of penalties which brings about that result, and that the court may change its rule if it so wills. The situation is, in principle, like that in State ex rel. v. Smith, 172 Mo. 446. In the circumstances the affirmance of the judgment cannot be upheld for the reasons given. With all respect to our brethren, the court should set aside the affirmance of the judgment and proceed with the case.

The alternative writ is made peremptory. All concur, except *Woodson, J.,* absent.