SILAS WOODSON LONGAN, Administrator of Estate of LUCY E. LONGAN, Appellant, v. KANSAS CITY RAILWAYS COMPANY.

Division Two, July 14, 1923.

1. **APPEAL: Dismissal: Defective Statement.** Appellant's failure to mention in his statement the names of respondent's witnesses or to refer to their testimony pertaining to the material facts of the case would be sufficient ground for dismissing the appeal.

2. **NEGLIGENCE: Instruction: Argumentative and Misleading: Ignoring Defenses.** In an action for damages for personal injuries negligently inflicted upon plaintiff, to which there is a plea of contributory negligence, an instruction which is misleading, argumentative in form, and authorizes a recovery by plaintiff although she may not have exercised reasonable care at the time and place of the accident, should not be given.

3. ——: ——: **Modification: Adding Defenses Pleaded.** Plaintiff was injured by the collision with a·street car of an automobile, driven by her husband and in which she was riding, and in its answer defendant charged her with contributory negligence. She asked an instruction in which the jury were told that if the street car was running at an excessive and dangerous rate of speed, and that the collision was a direct result of such negligent and dangerous speed, the verdict must be for her. *Held,* that, although the husband's negligence in driving the automobile cannot be imputed to her, yet, as the defendant pleaded contributory negligence, the court properly modified the instruction by adding words requiring the jury to find also that at the time of the collision the plaintiff was in the exercise of such care for her'own safety as a reasonably prudent person would exercise under like circumstances.

4. ——: **Death of Injured Wife: Suit by Administrator.** An action of damages for personal injuries to a wife, if she dies from such injuries, does not survive at common law. Under the statute

299 Mo.—36.

(Sec. 4217, R. S. 1919) if the injured wife dies from the effects of the injuries, leaving a husband and minor children, her administrator cannot maintain a suit for her damages; if she brings suit and subsequently dies from other causes not occasioned by defendant's negligence, the action may be revived in the name of her administrator and prosecuted by him, under the statute (Sec. 4231, R. S. 1919).

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*C. W. Prince, E. A. Harris* and *James N. Beery* for appellant.

(1) The court erred in refusing to give instruction numbered 6 requested by the plaintiff. Moon v. Transit Co., 237 Mo. 425; Ebert v. Met. St. Ry. Co., 174 Mo. App. 45; Corn v. Railway Co., 228 S. W. 78; Mahany v. Rys. Co., 286 Mo. 601. (2) The court erred in giving instruction numbered 1 offered by defendant and modified by the court and given as modified, over the objection of the plaintiff. O'Neill v. Railways Co., 239 S. W. 877; Ebert v. Met. St. Ry. Co., 174 Mo. App. 45; Moon v. Transit Co., 237 Mo. 425. (3) The court erred in failing and refusing counsel for plaintiff an opportunity to peruse and examine instructions given by the court on behalf of the defendant. Lampe v. United Rys. Co., 177 Mo. App. 652; Harding v. Mo. Pac. Ry. Co., 232 Mo. 444, 453, 467.

*Chas. N. Sadler* and *Mont T. Prewitt* for respondent.

(1) Appellant has not furnished the court with a fair and concise statement of the facts. His brief should not be considered and this appeal should be dismissed. Sec. 1511, R. S. 1919; Rule 15, par. 1; Snyder v. Free, 102 Mo. 325; Mills v. McDaniels, 59 Mo. App. 334; Southwick v. Southwick, 99 Mo. App. 156; Wade

v. Bankers Life Assn., 145 Mo. App. 172; Dodson v. Karshner Motor Car Co., 204 S. W. 590; Redmondowh v. Natl. Life Ins. Co., 204 S. W. 586; Royal v. Western Ry. Co., 190 S. W. 573; Nelson v. Cowles, 193 S. W. 579. (2) The court did not err in refusing to give plaintiff's instruction numbered 6. Turnbow v. Railways Co., 277 Mo. 644; Quinn v. Van Raalte, 276 Mo. 71; Hunt v. St. Louis, 278 Mo. 213; City of Kennett v. Katz Constr. Co., 273 Mo. 279; Stewart v. S. W. Mo. Ry. Co., 224 S. W. 104; Moyer v. C. & A. Ry., 198 S. W. 839; Sorrell v. Payne, 247 S. W. 462. (3) The court did not err in giving instruction numbered one offered by defendant and modified and given by the court. Harper v. Wilson, 191 S. W. 1024; DeMoss v. Railways Co., 246 S. W. 566; Leapard v. Railways Co., 214 S. W. 268; Borack v. Mosler Safe Co., 288 Mo. 83; Coshow v. Otey, 222 S. W. 804; Brown & Fenwick Real Estate & Abstract Co. v. Marks, 226 S. W. 55; Hendrix v. Corning, 201 Mo. App. 555; Esstman v. United Rys., 216 S. W. 526; Hulse v. St. Joe Ry., 214 S. W. 150; Prentiss v. Ill. Life Ins. Co., 225 S. W. 695. (4) The court did not refuse counsel for plaintiff an opportunity to peruse and examine instructions given by the court on behalf of the defendant, and counsel for plaintiff made neither legal objection nor saved an exception to any such alleged refusal of the court, and the court made no such ruling against plaintiff. Shanahan v. St. Louis, 212 S. W. 851; Lefever v. Stephenson, 193 S. W. 840; Sperry v. Hurd, 267 Mo. 628; Sec. 1512, R. S. 1919; In re Aiken v. Jackson Co., 262 Mo. 403; Torreyson v. United Rys., 246 Mo. 696; State v. Phillips, 233 Mo. 299.

RAILEY, C.—The original plaintiff herein, Mrs. Lucy E. Longan, now deceased, when forty-two years of age, brought this suit to recover $10,000 as actual damages, and $5,000 as punitive damages, in the Circuit Court of Jackson County, on account of injuries received by her about ten p. m. on the 11th day of May, 1916, at 35th Street and Woodland Avenue, in Kansas City, Mis-

souri, as the result of a collision between a west-bound, five-passenger Ford touring car, in which plaintiff was riding, and a north-bound street car. There were three people in the Ford car, consisting of plaintiff, her husband and their seventeen-year-old daughter, Elizabeth. The automobile was driven by plaintiff's husband, who was seated on the left-hand side in the front seat. His wife occupied the same seat to his right, and the daughter was located in a rear seat.

Thirty-fifth is a public street, running east and west, and is intersected by Woodland Avenue, a public street, running north and south. The Ford car was being driven west on 35th Street, and the street car was being operated north on Woodland Avenue, there being a double line of street-car tracks on Woodland Avenue. Street cars traveling north passed over the east track on Woodland Avenue, and those going south passed over the west track.

The evidence on behalf of plaintiff, as to how the accident happened, is substantially as follows: That the front of the street car in question was about seventy feet to the south of the place where the automobile was traveling, when it was ten or fifteen feet east of the east street-car track, and the street car was traveling thirty to thirty-five miles an hour; that when the street car was discovered by plaintiff, the Ford car was traveling ten or fifteen miles an hour, at which time the driver of the automobile applied the brakes thereof, and it began to slow down. At the time the automobile and street car collided, the automobile was moving "just a couple of miles an hour." Plaintiff's evidence further tends to show that the street car was running between thirty and thirty-five miles per hour when the collision occurred; that the automobile was traveling a little to the north of the center of 35th Street, at the point of collision; that it was raining at the time of collision, and had been drizzling off and on all that afternoon; that it was denominated a "skiddy night;" that there were

chains on the automobile, and non-skid tires; that there were skid marks from where they started, to where the blur of the skidding stopped, inside of twelve or fifteen feet; that the skid marks were east of the rail, which indicated that the collision took place a little to the north of the center of the street; that the front end of the automobile struck the side of the street car between the middle of same and the rear wheel thereof; that half of the length of the street car had passed, and ran in front of the automobile; that the street car, after the collision, continued to travel north from seventy-five to one hundred feet; that it was upgrade from 35th Street north; that the automobile was carried by the street car out of the intersection, thrown against the curbing, and tilted to one side; that a store building was located at the southeast corner of 35th Street and Woodland Avenue, which obstructed the view to the south, the direction from which the street car was traveling; that there was a "Slow" sign just north on 35th Street, and one just south of same; that these signs were hung to the support wires that held the trolly wire, and the word "Slow" was on these signs.

The evidence on behalf of defendant tended to show that about ten o'clock at night, on the 11th day of May, 1916, a north-bound street car on Woodland Avenue was crossing 35th Street, when an automobile ran into the side of the street car; that the latter was running about eighteen miles an hour, until it got within about one hundred feet of the south side of 35th Street, when it was slowed up, and was not running faster than ten miles per hour; that the street car continued to run eight to ten miles an hour, until it reached the center of the intersecting streets, before the power was increased; that as the street car started to cross 35th Street, the motorman saw the lights of the automobile in question, about a half a block or about two hundred to two hundred and fifty feet away; that the motorman had no idea a collision would occur between his car and the automo-

bile; that when the front end of the street car was in the center of 35th Street, the automobile was then sixty to one hundred feet to the east of the street car; that the front end of the street car ran about a car's length past the center of 35th Street, when the automobile hit the street car, colliding with the rear steps of same, which were dented; that the radiator of the automobile was wrecked, and the front wheels bent; that the street car was brought to a standstill, within a half to a car's length, after the collision occurred; that the automobile in question, under the circumstances aforesaid, going at ten miles an hour could have been stopped in from one and one-half to ten feet; that the automobile under the same conditions, going fifteen miles an hour, could have been brought to an emergency stop, in ten to twelve feet; that Mrs. Lucy E. Longan, now deceased, at the time of the accident, was thrown to the right, out of her seat, to the door of the automobile; and received substantial injuries.

The case was tried before Judge Seehorn, and the jury returned a verdict in favor of defendant. The original plaintiff, in due time, appealed the cause to this court. While the action was pending here, said Lucy E. Longan died, her death was suggested, and an order made reviving the cause in the name of Silas Woodson Longan, as administrator of the estate of said Lucy E. Longan, deceased.

I.   It is strenuously insisted by respondent that the appeal herein should be dismissed, because appellant's counsel have failed to furnish the court with a fair and concise statement of the facts.   Section 1511, Revised Statutes 1919, reads as follows:

Dismissal.

"On appeals and writs of error each party shall, on or before the day next preceding the day on which the cause is docketed for hearing, make out and furnish the court with a clear and concise statement of the case, and the points intended to be insisted on in argument."

Rule 15 of this court has been in existence for many years past, and is found reported in the back part of each Missouri Report, a part of which rule, reads as follows:

"The brief for appellant shall distinctly allege the errors committed by the trial court, and shall contain in addition thereto: (1) A fair and concise statement of the facts of the case without reiteration, statements of law, or argument . . . No brief or statement which violates this rule will be considered by the court."

It appears from appellant's abstract of the record that six witnesses testified in behalf of defendant, as to material facts in the case, and that the jury returned a verdict in its favor under the evidence. Notwithstanding the above, counsel for appellant have utterly ignored our statute and Rule 15 supra. They have neither mentioned the names of any of defendant's witnesses, nor have they set out, or even referred to, the testimony of any of said witnesses, as disclosed by the record. We would be fully justified in dismissing the appeal in this cause on account of the flagrant disregard of our statute and Rule 15 supra, under the previous rulings of this court and that of the courts of appeal, some of which are as follows: Snyder v. Free, 102 Mo. 325; Royal v. K. C. W. Ry. Co., 190 S. W. (Mo.) 573; Nelson v. Cowles, 193 S. W. (Mo.) 579; Stephan v. Stephan, 242 S. W. (Mo. App.) l. c. 425; Marks v. Phonograph Co., 236 S. W. (Mo. App.) l. c. 901; Traders' Natl. Bank v. De Groat, 226 S. W. (Mo. App.) 594; Robinson v. Slater, 209 S. W. (Mo. App.) 557; Fowles v. Casualty Co., 205 S. W. (Mo. App.) 874-5; Wade v. Bankers' L. Assn., 145 Mo. App. 172-3; Southwick v. Southwick, 99 Mo. App. 156; Mills v. McDaniels, 59 Mo. App. l. c. 334. We have, however, carefully read the record and briefs of counsel, and in so doing, have reached the conclusion that the judgment of the court below should be affirmed for reasons hereafter stated, and, hence, will dispose of the case on the merits.

II. Appellant complains of the court's action in refusing to give plaintiff's instruction numbered six, as asked. The language of said instruction is misleading, argumentative in form, and authorizes a recovery, although Mrs. Longan may not have exercised reasonable care at the time and place of accident. She was sitting on the front seat with her husband, and was fully conversant with all that occurred at the time of and immediately before the accident. She even qualified as an expert and was permitted to testify as to the rate of speed at which the street car and her husband's car were running. While the husband's negligence cannot be imputed to her as a matter of law, yet she was charged with contributory negligence, and the court properly told the jury that they must find from the evidence she was exercising ordinary care at the time and place of collision. The court committed no error in refusing said instruction six as asked.

*Argumentative and Misleading Instruction.*

III. It is contended by appellant that plaintiff's instruction one was improperly modified. Said instruction reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about the 11th day of May, 1916, the plaintiff was an occupant of an automobile then and there operated by plaintiff's husband; and if you further find and believe from the evidence that while the plaintiff was such occupant of such automobile as aforesaid and while said car was approaching the intersection of 35th Street and Woodland Avenue, in Kansas City, Missouri, the defendant carelessly, negligently and without warning, operated one of its said streets cars over and upon said intersection, at such a high rate of speed that you may consider and find from the evidence to be dangerous and negligent, and as a direct result thereof collided with the automobile in which plaintiff was an occupant, and by reason of said collision, plaintiff was injured,

*Adding Pleaded Defense.*

then your verdict must be for the plaintiff and against the defendant, although you may find and believe from the evidence that plaintiff's husband was also negligent: *Provided you further find and believe from the evidence that plaintiff, herself, was at said time and place, in the exercise of such care for her own safety as a reasonably prudent person would exercise under like or similar circumstances.*"

The italicised portion of same was added by the court. We are of the opinion, that the above instruction was properly modified by the court and that no error was committed in giving the same as modified, if plaintiff was entitled to recover at all.

IV. We have examined the other matters complained of in the brief, and find that no error was committed by the court of which appellant can legally complain. The instructions given by the court properly declared the law, and fairly submitted to the jury the issues presented in the pleadings.

V. Aside from the foregoing matters, we are confronted with the proposition as to whether the administrator could maintain this action on the record before us. It does not appear from the record whether Lucy E. Longan died from the effects of the injuries received in the collision with defendant's car, or whether her death was occasioned from natural causes. We will consider both propositions in the order presented. If she died from the effect of said injuries, under the common law no right of action survived, but under the provisions of Section 4217, Revised Statutes 1919, in a proper case, a recovery might be sustained by the parties mentioned in said section, in the order named, as follows:

*Right of Administrator to Sue.*

"First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the

minor child or children of the deceased, . . .; or, fourth, if there be no husband, wife, minor child or minor children, natural born or adopted as hereinbefore indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent, and such corporation, . . . may show as a defense that such death was caused by the negligence of the deceased."

The above section points out the persons who may sue, and they alone must sue within the time prescribed by the statute. [Freie v. Frisco Ry. Co., 283 Mo. l. c. 463, and cases cited, 222 S. W. l. c. 825. See also Millar v. Transit Co., 216 Mo. 99, 115 S. W. 521.] In the Freie Case, an administrator sought to maintain the action, and a recovery was denied him.

The leading authorities in this State are collated in above cases, and conclusively show that if this suit had been brought by the administrator in the circuit court, for the death of Mrs. Longan, it could not have been maintained by him, as she left surviving her, a husband and minor child. The authorities conclusively show, that an administrator could not sue under the above circumstances, under Sections 97, 98, Revised Statutes 1919, formerly known as Sections 105-6, Revised Statutes 1909, relating to the administration law. It is manifest from the foregoing authorities that if Mrs. Longan died from the effects of the collision, the administrator of her estate could not have sued for and recovered damages on account of her death, when she left a husband and minor child surviving her as shown in this case.

VI. If Mrs. Longan had brought the suit, and thereafter died before it was tried in the circuit court, the action might have been revived under Section 4231, Revised Statutes 1919, in the name of the administrator,

**Death from Natural Causes.** and prosecuted by him, provided, the petition and evidence disclosed that her death was not occasioned by the negligence complained of, but resulted from natural causes. In other words, if she died from the effects of the alleged wrongful acts of defendant, the husband or child might have sued, and not the administrator. On the other hand, the above section (Sec. 4231) authorizes an administrator to be substituted as plaintiff in lieu of deceased, provided her death is not occasioned by defendant's wrongful acts, in which event the administrator, under proper pleadings, and within the time provided by law (Sec. 1331, R. S. 1919), can enforce the same rights, and recover the same damages, which the deceased might have recovered had she lived. The construction which we have placed upon Section 4231, Revised Statutes 1919 (formerly Sec. 5438, R. S. 1909), is in accord with what we said in Downs v. United Rys. Co., 184 S. W. 995. [See also Greer v. Railroad, 173 Mo. App. l. c. 284-5.]

VII. On account of the interest which the Bar and Judiciary of the State have in the above subject, we have attempted to harmonize the different sections of our statute relating to the matters before us.

On the record presented here we find that the case was well tried and without error. The judgment below was for the right party, and is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of Railey, C., is adopted as the opinion of the court. All of the judges concur; *White, J.,* in the result.