ORA F. HAIBE, RESPONDENT, v. THOMAS E. WALSH, APPELLANT.—
38 S. W. (2d) 523.

Kansas City Court of Appeals. March 2, 1931.

*Charles P. Woodbury* and *Charles A. Stratton* for respondent.

*Elmer B. Hodges* for appellant.

BOYER, C.—This proceeding arose upon the petition and motion of respondent filed in the circuit court of Jackson county to quash an execution issued by the clerk of said court based upon a transcript of a judgment of a justice of the peace of Kaw Township in Jackson County, filed in the office of said clerk, and to quash the record of the transcript of said judgment and to declare the judgment and the record thereof void. The court found for the petitioner and entered judgment accordingly, from which said judgment an appeal has been made to this court. The errors assigned by appellant and the points presented in the brief are based upon the idea that the judgment so rendered by the circuit court was against the law under the evidence, and upon other alleged procedural errors all of which are said to appear and to be shown by matters contained in the bill of exceptions.

We have examined with care the abstract of the record presented in this case and have reached the conclusion that we are precluded from a consideration of matters arising upon exception for the reason that the abstract so tendered fails to show any properly identified bill of exceptions in the case. The abstract, under the title of Record Entries, contains a copy of the petition, a recital that "the court entered its judgment in favor of plaintiff and against defendant" on the 15th day of October, 1929, and also a recital of the filing of a motion for new trial and a motion in arrest of judgment which were overruled October 29, 1929, to which action defendant excepted. Then follows this recital: "Thereafter an appeal was duly taken by the defendant to this court and same was duly perfected. And thereafter, the bill of exceptions was approved and duly filed." Without any further showing of record entries and without any other recital whatever, and without the title of the case and without any identification whatever of the bill of exceptions which was filed, the abstract next contains the title or headline "Bill of Exceptions." Thereafter it is recited that the cause came on for hearing September 25, 1929. There is then set forth what purports to be the evidence offered by plaintiff and by defendant, at the close of which appears the judgment of the court in full under date of October 15, 1929. Motions for new trial and in arrest are set forth and a recital that they were overruled on October 29, 1929. Then follows a recital that, on October 30, 1929, "further proceedings were had." Then follows what appears to be additional evidence, at the close of which appear certain statements of court and counsel, and following this is the certificate of the attorney for defendant "that the foregoing is a correct abbreviated statement of the contents of the bill of exceptions in this cause." There is no

other or further information in reference to the validity or identity of the purported bill of exceptions. There is no showing that the foregoing was tendered as the bill of exceptions in the case and that the court was requested to allow, sign, and file same and order that it be made a part of the record, and no showing that the purported bill was so allowed and signed and ordered made a part of the record by the judge of the court.

Rule 26 of this court provides in part:

"Hereafter no appellant need abstract record entries evidencing his leave to file, or filing of, a bill of exceptions. It shall be sufficient if his abstract state the bill of exceptions was duly filed."

The recital in appellant's abstract that the bill of exceptions was duly filed is sufficient to dispense with the necessity of abstracting the record entries showing that a bill was filed. It does not dispense with the necessity of identifying that which purports to be a bill of exceptions in the abstract as the bill which was in fact filed and allowed by the court and ordered made a part of the record. It will be noted that the abstract preceding the purported bill does not evidence the fact that the bill of exceptions so filed is the bill printed in the abstract. It will also be observed that the purported bill of exceptions does not conclude in the usual manner by a showing that the foregoing was tendered as the bill of exceptions; that the court was requested to sign and allow same and order it made a part of the record in the case, all of which was accordingly done on a specified date, over the signature of the judge of the court.

We may be justified in holding that the purported bill of exceptions shows affirmatively that it was not signed, but place the decision in this case upon the ground that the purported bill of exceptions is wholly lacking in identification at the beginning, at the end, or elsewhere in the abstract. It does not bear the title of any cause, and there is a total absence of any legitimate exemplification that the purported bill is in fact the bill of exceptions which is said to have been filed. The purported bill of exceptions appears to contain evidence that was offered after trial and judgment and after the motion for new trial was overruled. If such irregular procedure does not cast doubt upon the authenticity of the purported bill, it is at least sufficient to cause us to emphasize the necessity that the true bill be vouched for in a legal manner.

We think this abstract of the record presents a new situation. It differs from that in any other case dealing with the authenticity and identity of bills of exceptions which has come to our attention. An examination of cases dealing with closely related or kindred subjects may lead either to confusion or enlightenment when we seek to apply them to the specific situation in this case. Some of the leading ones are: Simons v. Schibsby et al., 238 S. W. 811, 812;

State ex rel. Light & Power Co. v. Trimble, 291 Mo. 532, 535; Billings Special Road District v. Christian County, 319 Mo. 963, 969.

In holding as we do in this case, and resting the decision on the ground that the purported bill is not identified, we are not in conflict with any of the foregoing cases or the cases to which they refer, but in reason and principle we are supported by them.

When a case is appealed to this court section 1479, Revised Statutes 1919, requires appellant to ''file printed abstracts of the entire record of said cause.'' If a bill of exceptions is in fact filed by order of court it becomes and is a part of the record in the cause, and an abstract which fails to show a properly identified bill of exceptions is not an abstract of the entire record. By rule 15 of this court an abstract of the record of the case is required to be filed ''setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision.'' The burden is on appellant to present a sufficient abstract of the record, and if he desires the benefit of a bill of exceptions he must show his title to such bill. A purported bill, standing alone, does not prove its identity or validity.

As heretofore indicated, the points raised by appellant can be determined only by reference to matters contained in the bill of exceptions which was filed in the case, and as no bill of exceptions has been properly identified and presented there remains only the record proper for our consideration. We find no error upon the record proper. There can be no question that the circuit court had power and jurisdiction to consider the petition and motion filed in this case and to render judgment thereon, and that such procedure was in all respects eminently proper. [McKenna v. Wittman, 25 S. W. (2d) 541, 544, and cases cited; Scharff v. McGaugh, 205 Mo. 344, 356, 103 S. W. 650.] It results that the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by Boyer, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.