Edmund C. FOREHAND, Administrator d.b.n. of the Estate of Arthur R. Cobb, Deceased, Appellant,

v.

Durward G. HALL, Respondent.
No. 48827.

Supreme Court of Missouri,

Division No. 1.

April 9, 1962.

Edmund C. Forehand, Lincoln, Haseltine, Keet, Forehand & Springer, Springfield, for appellant.

Meredith B. Turner, Kenneth H. Reid, Stewart, Reid & Turner, Springfield, for respondent.

HOUSER, Commissioner.

██ In this wrongful death action, brought under § 537.080 [1] et seq., the Circuit Court of Greene County sustained a motion to dismiss the amended petition of an administrator de bonis non and sustained a motion to strike the administrator's motion to substitute the minor child of deceased as plaintiff and to amend the petition. The administrator d. b. n. has appealed. We have jurisdiction, since the prayer of the amended petition was for $25,000 damages.

On October 6, 1959 Arthur R. Cobb, a patient of the defendant physician, died.

On October 5, 1960 Goldie M. Cobb, Administratrix of the Estate of Arthur R. Cobb, Deceased, filed a petition for damages for the death of Arthur R. Cobb, based upon charges of negligent failure to give proper prophylactic treatment for the prevention of tetanus, alleging that the probate court issued letters of administration to her and that she was the duly qualified and acting administratrix.

On November 29, 1960 defendant filed a motion to dismiss on these grounds: that the petition failed to state a claim upon which relief could be granted; failed to set forth a cause of action against defendant; showed lack of jurisdiction over the subject matter. Goldie M. Cobb's legal capacity to sue was challenged on the ground that she was disqualified from administering the estate under § 473.117 (because not a resident of this state) and did not have legal capacity to sue under the provisions of Chapter 537, RSMo, V.A.M.S.

On December 8, 1960 Goldie M. Cobb resigned as administratrix and Edmund C. Forehand was appointed administrator d. b. n. in her place.

On December 12, 1960 the administrator d. b. n. filed an amended petition in the case naming himself as plaintiff, reciting the resignation of Goldie M. Cobb, his appointment as administrator d. b. n. and that he was the duly qualified and acting administrator d. b. n. He realleged the same cause of action in the same words and figures as in the original petition.

On December 21, 1960 defendant filed a motion to dismiss the amended petition, alleging (and here for the first time in any of the pleadings it appears) that Cobb died leaving surviving him a wife, Goldie, and a minor child, David Earl, age 18; that both of them were still living and that neither of them, to the date of the motion, had commenced any action under §§ 537.080–537.-100, as amended, within one year after the alleged cause of action might have accrued, and that they would now be barred from commencing any such action; that no action under § 537.080 was commenced in time because none of the persons who might have been authorized to sue and recover for the alleged wrongful death commenced an action within the one-year limitation period; that the amended petition failed to allege the existence of anyone entitled to compensation under §§ 537.080–537.100; failed to allege whether deceased left surviving him a "wife, minor child or minor children, natural born or adopted" [2] and therefore failed to show that the administrator was entitled to sue; and failed to show that the administrator had any cause of action or right to institute this action of recovery for wrongful death under §§ 537.-080–537.100. The motion to dismiss was supported by affidavit that on October 6, 1959, the date of his death, Arthur R. Cobb was married; that Goldie M. Cobb was his wife; that he had one minor child, David Earl Cobb, age 18; that Cobb left surviv-

1. All section references are to RSMo 1959, V.A.M.S.

2. § 537.080(4).

ing him wife Goldie and child David, both of whom were living on December 20, 1960, the date of the affidavit.

On January 23, 1961 the administrator d. b. n. filed a motion for permission to withdraw as plaintiff and that David Earl Cobb, by his natural mother and next friend, Goldie M. Cobb, be substituted as plaintiff in said cause, and that David be allowed to file an amended petition.

On January 24, 1961 defendant filed a motion to strike the administrator d. b. n.'s motion to substitute and amend, alleging failure to set forth matters authorizing a substitution or justifying an amendment and that to permit this would serve only to increase costs and harass defendant.

The several motions were argued to the court, taken under advisement, and in due course defendant's motions to dismiss and to strike were sustained. The appeal of the administrator d. b. n. followed.

The administrator d. b. n. asserts error in sustaining the motion to dismiss his amended petition. His theory is that an action was instituted within one year after the cause of action accrued, in compliance with § 537.100; that the action filed by Goldie M. Cobb, administratrix of the estate, the widow of deceased and natural mother of minor child David, was instituted by her as trustee of an express trust for the beneficiaries of the estate under the law of descent and distribution, § 474.010; that minor child David, as a beneficiary of the estate, had an interest in the original action, a right to sue, a right as the real party in interest to be substituted as party plaintiff and file his amended petition; and that an amended petition filed by David would relate back to the original action, which was filed within one year after the cause of action accrued.

The administrator d. b. n. also asserts error in sustaining defendant's motion to strike. He claims that under Civil Rule 55.53, V.A.M.R., a party has the right to amend his pleading as a matter of course

at any time before a responsive pleading is filed and served; that under Civil Rule 52.06 parties may be added by motion of any party at any stage of the action and on such terms as are just; that under Civil Rule 52.01 every action shall be prosecuted in the name of the real party in interest, and that under Civil Rule 41.03 the rules are intended to provide for the just determination of every civil procedure and fairness in the administration of justice.

The governing statute, § 537.080, provides that damages may be sued for and recovered

"(1) By the husband or wife of the deceased; or

"(2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, * * *; or

"(3) If such deceased be a minor and unmarried * * * (other provisions inapplicable here); or

"(4) If there be no husband, wife, minor child or minor children, * * * (other provisions inapplicable here) then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and the amount recovered shall be distributed according to the laws of descent."

Section 537.100 provides that "Every action instituted under section 537.080 shall be commenced within one year after the cause of action shall accrue; * * *."

Arthur R. Cobb died October 6, 1959, leaving surviving him his wife Goldie, and one minor child, David. Under § 537.-080 his surviving wife was entitled to sue in her own name and right within six months after October 6, 1959. Slater v. Kansas City Terminal Ry. Co., Mo.Sup., 271 S.W.2d 581, 582. This she did not do. The cause of action not having been appropriated by the surviving wife within the period authorized by the statute, the right

to maintain the suit then passed to and vested in minor child David. Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, 487. To avail himself of his cause of action minor child David was "required to file suit within one year from date of death of deceased." Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1, 3; Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 931; § 537.100. This he did not do. The statute of limitations therefore ran on the minor child's cause of action on October 6, 1960. Goldschmidt v. Pevely Dairy Co., supra. The institution of the suit by Goldie M. Cobb *as administratrix* on October 5, 1960 did not prevent the running of the one year statute of limitations. At that date no cause of action existed in the surviving wife *as a widow*, she not having sued within the six-month period following the accrual of her cause of action. At that date no cause of action existed in the surviving wife *as administratrix*, since deceased left surviving him a wife and minor child. Longan v. Kansas City Rys. Co., 299 Mo. 561, 570, 253 S.W. 758, 761; Meservey v. Pratt-Thompson Const. Co., Mo.App., 291 S.W. 174; Fair v. Agur, 345 Mo. 394, 133 S.W.2d 402; Goldschmidt v. Pevely Dairy Co., supra. An administrator or executor has a cause of action for wrongful death only "If there be no husband, wife, minor child or minor children * * *." Section 537.080(4). The administratrix as such never had any legal or beneficial interest in the subject matter of the action.

We disagree with the theory of the administrator d. b. n. that the administratrix filed suit as trustee of an express trust for minor child David who, as a beneficiary of the estate and the real party in interest, is entitled to be substituted as party plaintiff. There is no authority for an administratrix, suing in a representative capacity as trustee, to bring a wrongful death action for a surviving minor child. In fact, Goldie M. Cobb did not purport to sue as a representative of the minor child or manifest any intent to sue in such capacity. On the contrary, she instituted her action *as administratrix*, alleging her appointment and the fact that she was acting as administratrix, and praying for damages that she, "plaintiff," had sustained. Her petition revealed no intendment to maintain the action in the interests of the minor child David, in whom the claim was vested on October 5, 1960. The administratrix ignored his existence, not referring to him by name and not alleging that deceased left a minor child surviving him. Furthermore, minor child David was not a beneficiary of the estate under § 537.080 to whom any amount received by the administratrix or administrator d. b. n. could have been distributed. The distributees referred to in subsection (4) of § 537.080 do not include the surviving spouse or minor child; they constitute a class of beneficiaries different and separate from the persons named in the first three subsections of § 537.080. Cummins v. Kansas City Public Service Co., supra, 66 S.W.2d, l. c. 924, 926. Where a spouse or minor child survives the deceased, no right of action ever arises or exists in the executor or administrator named in subsection (4). Meservey v. Pratt-Thompson Construction Co., supra. In none of the cases cited by plaintiff in support of the trusteeship theory was an administrator permitted to sue as trustee for a surviving wife or minor child. The quotation from the dissenting opinion in Smith v. Maynard, Mo.Sup., 339 S.W.2d 737, 743, with omitted language italicized, is: *"If no one survives who has a prior right,* the action may be instituted by the administrator * * * [who] is in effect the trustee of an express trust for the beneficiaries of the estate." In Demattei v. Missouri-Kansas-Texas R. Co., Mo.Sup., 345 Mo. 1136, 139 S.W.2d 504, the administrator was suing for a dependent father, brothers and sisters, and not for a surviving wife or minor child. In that case deceased never married. In Troll v. Laclede Gas Light Co., 182 Mo.App. 600, 169 S.W. 337, the deceased was an unmarried adult person without minor child or children.

Plaintiff's theory of relation back has no application under the instant facts. The rule in this state is that where a suit for wrongful death is instituted within the one-year period of limitation by one who has no legal right to maintain the suit in the capacity in which suit is filed but who has a beneficial interest in the subject matter of the action, which interest plaintiff alleges by intendment, Slater v. Kansas City Terminal Ry. Co., supra, 271 S.W.2d, l. c. 583, or is filed by some, but not all, of the persons entitled to bring such action, Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, 491 [19]; Tice v. Milner, Mo.Sup., 308 S.W.2d 697; Cytron v. St. Louis Transit Co., 205 Mo. 692, 104 S.W. 109, the substitution by amendment of the plaintiff suing in the proper capacity, or the joinder of the necessary additional parties plaintiff, after the lapse of the one-year period, will relate back to the time of filing the original action and the intervening running of the statute of limitations will not bar the maintenance of the suit by the substituted plaintiff; but where the original action is improperly filed by a stranger to the action who has no legal or beneficial interest in its subject matter, the substitution of a proper party plaintiff after the statute of limitations has run will not relate back, but will be treated as a new action, which is barred by the statute of limitations. Fair v. Agur; Goldschmidt v. Pevely Dairy Co.; Meservey v. Pratt-Thompson Const. Co.; supra. See St. Paul Fire & Marine Ins. Co. v. Continental Bldg. Op. Co., D.C., 137 F. Supp. 493, 494. This case falls in the latter category. An amended petition filed by minor child David after the expiration of the period of limitation could not relate back because there was nothing to which it could date back. It could not relate back to the "original cause of action" filed October 5, 1960 because on that date there was no cause of action in Goldie M. Cobb, either as surviving wife or as administratrix, to which David's petition could relate. Nor was there then or at any time any joint cause of action in the mother and minor child to which it could relate. Blessing v. Chicago,

B. & Q. R. Co., Mo.Sup., 171 S.W.2d 602. As in Fair v. Agur, supra, the pleadings here "disclosed that a cause of action never had existed in the administratrix, and the time for instituting a cause of action had lapsed," 133 S.W.2d, l. c. 404, at the time of the filing of the amended petition by the administrator d. b. n. and at the time of the proposed filing of an amended petition by minor child David. The amended petition by minor child David was a new action, barred by the statute of limitations, and the circuit court properly so ruled.

Both in brief and oral argument counsel for plaintiff strongly urges us to follow the "liberal" rule in Cytron and not to apply the "harsh" rule in Goldschmidt, Fair and Meservey. But the rule and reasoning of Cytron is inapplicable under the different facts of the instant case. In Cytron an eight-year-old child was killed, giving rise to a joint cause of action in the parents. The father alone brought suit, improperly failing to join the mother as a party. After the limitations period ran the lower court allowed an amendment by which the mother was joined with the father as a party plaintiff. Judge Lamm's opinion held the amendment proper and that the cause of action was saved from the statute of limitations. In Cytron plaintiff and his wife had a joint cause of action which plaintiff stated in the petition originally filed, and "[t]he cause of action under the amended petition was the identical cause of action counted on in the original." 104 S.W., l. c. 111. In the instant case plaintiff (administratrix) had no cause of action, individually or jointly. Minor child David's proposed amended petition was not "the identical cause of action counted on in the original" petition, and could not have been, because the administratrix on October 5, 1960 did not and could not state a cause of action, either individually in her personal capacity as surviving wife or in her official capacity as administratrix, or jointly with her minor child, arising out of the death of her husband. There is no parity between Cytron and the instant case. In oral argument counsel for plaintiff force-

fully emphasized these words from Judge Lamm's opinion in Cytron, laying particular emphasis on the italicized language: "'Substituting a party having the legal right to sue, instead of *one improperly named as plaintiff,* is in no sense the commencement of a new suit, but, so far as defendant is concerned, the suit will be regarded as commenced at the time of the original issuing and service of the summons. * * *'" 104 S.W., 1. c. 111. The administratrix having been "one improperly named as plaintiff," it was argued that the minor child (having the legal right to sue on October 5, 1960) could be substituted for the administratrix as party plaintiff. The quotation in Cytron is from United States Life Insurance Co. v. Ludwig, 108 Ill. 514, a suit on several life insurance policies, improperly brought in the names of the assignees of the policies. The one having the legal right to sue was the administrator. After the statute of limitations ran the lower court permitted the substitution of the latter for the former, as party plaintiff. The Supreme Court of Illinois, upholding the amendment, pointed out that the persons in whose names the action was originally commenced "are the parties beneficially interested in this judgment, and the amendment substituting the administrator, in whom was the legal right to sue, as plaintiff, was simply to enable them 'to sustain the action for the claim for which it was intended to be brought,' and nothing more." 108 Ill., 1. c. 518. In the instant case the party who originally commenced the action (the administratrix) was not "beneficially interested" (but was a stranger to the cause of action) and the proposed amendment would not enable the next friend to "sustain the action for the claim for which it was intended to be brought," because there was no expressed intention on the part of the administratrix to bring the original action for the minor child.

The civil rules to which plaintiff refers do not save this situation for minor child David. In the same way that the toll-ing provisions and exceptions of general statutes do not apply to special statutes of limitations, Daiprai v. Moberly Fuel & Transfer Co., 359 Mo. 789, 223 S.W.2d 474, 476; Byrnes v. Scaggs, Mo.Sup., 247 S.W.2d 826, 830; Frazee v. Partney, Mo.Sup., 314 S.W.2d 915, 919, 921; Clarke v. Organ, Mo. Sup., 329 S.W.2d 670, 678, the civil rules may not be read apart from applicable special statutes of limitations, and do not create any exception to or relaxation or extension of the limitations provided by § 537.100.

The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.