Sharon L. PEYTON, Appellant,

v.

BELLEFONTAINE GARDENS
NURSING & REHAB, INC.,
et al., Respondents.

No. SC 88606.

Supreme Court of Missouri,
En Banc.

March 18, 2008.

Newton G. McCoy, St. Louis, for Appellee.

Susan Ford Robertson, Columbia, for Respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Sharon Peyton sued Bellefontaine Gardens Nursing & Rehab, Inc., and several "John Doe" defendants, to recover damages for the wrongful death of Ruby Lane, Peyton's grandmother. The trial court dismissed the case on the ground that Peyton lacked standing, and Peyton then sought leave to file an amended petition naming her mother, Mary Jo Williams, as plaintiff. However, by this time, the statute of limitations for wrongful death had expired, and for that reason, the motion to amend was overruled. Peyton appealed, and after opinion by the Court of Appeals, Eastern District, this Court granted transfer. Mo. Const. art. V, sec. 10. The

judgment is reversed, and the case is remanded.

Ruby Lane died July 26, 2002, leaving a daughter, Mary Jo Williams, and granddaughters Jennifer Degraffenreid and Sharon Peyton. On August 8, 2002, Williams executed a written document granting power of attorney to Peyton and naming Peyton her attorney in fact. Peyton filed a petition on July 15, 2005, styled "Sharon L. Peyton, as surviving heir of Decedent Ruby Lane, Plaintiffs." This original petition alleged that Peyton was "a member of the wrongful death class, pursuant to [section 537.080] and ... entitled to damages pursuant to [section 537.095]." Paragraph five further stated that "Mary Williams, adult natural daughter of Ruby L. Lane; Jennifer Degraffenreid, adult natural granddaughter of Ruby L. Lane, although they are not named plaintiffs in this action, they have been notified of this cause of action pursuant to [sections] 537.080 and 537.095."

Defendants moved to dismiss, arguing that Peyton lacked standing under section 537.080, RSMo 2000, which sets out the classes of persons entitled to bring a wrongful death action. That section states in relevant part:

1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who ... would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

(1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death; ....

The trial court granted defendants' motion, determining that Williams alone, as surviving child of the decedent, had standing to sue under subdivision (1), and that Peyton, as a grandchild under subdivision (2), had no standing to bring the suit in her individual capacity.

On March 6, 2006, Peyton moved for leave to file a second amended petition in order to cure the problem. This amended petition was styled "Mary Jo Williams, by and through Sharon Peyton, her attorney in fact." However, in the meantime the three-year statute of limitations for wrongful death actions, section 537.100, RSMo 2000, had run. The trial court overruled the motion to amend and dismissed the case, reasoning that the court lacked jurisdiction over a case originally brought by one with no standing, *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002), and for that reason, an amendment purporting to add or substitute a proper party cannot relate back to the original petition so as to save the action once the statute of limitations has run. Peyton contends, however, that she did have standing as her mother's attorney in fact so that the second amended petition relates back to the timely original filing. This Court agrees.

■ Under Rule 55.33(c), if a claim asserted in the amended pleading arose from the same "occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Even before the adoption of Rule 55.33(c), *Forehand v. Hall*, 355 S.W.2d 940 (Mo.1962), set forth the rule that where a wrongful death suit

is timely filed by a party with a "legal or beneficial interest," but lacking authority to maintain the suit for want of a court appointment, the suit is saved from the running of the statute of limitations by "substitution by amendment of the plaintiff suing in the proper capacity," which relates back to the filing of the original petition. *Id.* at 945. If the party filing the original petition, however, lacks such a "legal or beneficial interest," then substituting the proper plaintiff after the running of the statute of limitations does not relate back, "but will be treated as a new action, which is barred by the statute of limitations." *Id.* Again, Peyton claims that she had a "legal or beneficial interest" in the case—or standing—because she was attorney in fact for her mother.

■ Defendants maintain, however, that the original and first amended petitions make no mention of Peyton's status as attorney in fact and were brought by Peyton "as herself and seeking damages only for herself." They explain she was not the "real party in interest" but that she "was a stranger to and could have no interest in the cause of action." In other words, because Peyton individually had no cause of action, there was no valid petition to which the amended petition could relate back. *See Forehand,* 355 S.W.2d at 945; *Goldschmidt v. Pevely Dairy Co.,* 341 Mo. 982, 111 S.W.2d 1, 3 (1937).

■ Defendants' argument, however, disregards the fact that paragraph five of the original petition stated that notice was provided to the other surviving heirs, expressly mentioning Mary Jo Williams as Ruby Lane's surviving child. This allegation was required under section 537.095.1, RSMo, in order to perfect the wrongful death action by identifying all other class members who were eligible to share in the proceeds of any judgment. And although the action was brought by only one of the purported class members, section 537.095.1 permits that class member to represent the interests of the other members of the class. Though Peyton, individually, was not a class member and, thus, had no standing to bring the action, her petition sufficed to give notice to defendants that Williams, at least, was entitled to bring the action for wrongful death and had standing to do so. This Court has long held that "the body of the pleading, not the caption, determines the parties necessary to the prosecution of the action." *Watson v. Watson,* 562 S.W.2d 329, 331 n. 2 (Mo. banc 1978). Accordingly, Peyton's status as attorney in fact for Williams, combined with the notice to the defendants of Williams's interest in the case, was sufficient to give Peyton the sort of "legal and beneficial interest" contemplated by *Forehand* and Rule 55.33(c), so that she was not a stranger to the case. *See Rotella v. Joseph,* 615 S.W.2d 616, 620, 621 (Mo.App. 1981). Under these circumstances, the amended petition should relate back to the timely original filing, and dismissal of the case was erroneous.

For the foregoing reasons, the judgment is reversed, and the case remanded.

All concur.