ARRINGTON VS. ARRINGTON.

LUNACY: *Proceedings in without notice.*
> An order of the Circuit Court (while it was exercising probate jurisdiction),
> declaring a person to be of unsound mind, and appointing a guardian for
> him, without notice to such party, is void.

ERROR to *Drew* Circuit Court.
Hon. A. C. JONES, Special Judge.
*L. A. & X. J. Pindall,* for plaintiff.
*McCain, contra.*

ENGLISH, CH. J.:

On the 28th of January, 1874, and at the time the Circuit
Courts were exercising probate jurisdiction, Mary S. Arrington
presented a petition to the Circuit Court of Drew County, stating
in substance that her son, West A. Arrington, was entitled to
one-fifth interest in the estate of his father, West Arrington, de-
ceased, which interest was of the value of $1000. That said
property was situated in the counties of Drew, Lincoln, and
Desha, and that petitioner, as well as West A. Arrington, was a
resident of Drew County.

That said West A. Arrington was of unsound mind, and in-
competent to transact his own business, and had been for the last
four years past, and was squandering his property; and praying
for an order causing him to be brought before the court, that the
statements of the petitioner be inquired into by a jury, and for
such further proceeding as to the court should seem proper in the
premises.

On the filing of the petition, the court, without causing West
A. Arrington to be brought before it, as required by the statute
(Gantt's Digest, sec. 3489), after hearing the evidence adduced
in support of the petition, declared him to be *non compos mentis*,

and made an order appointing Mary S. Arrington his guardian, and requiring her to enter into bond in the sum of $1000, etc. Whereupon the bond was filed, approved by the court, and letters of guardianship issued to her.

On the 1st of October, 1874, the securities of Mrs. Arrington made application to the court to be released from her bond, and on the next day the motion was heard and continued, and an order was made that she be notified to file a new bond at or before the next term of the court, and also an account current of her guardianship.

Here, it appears from the transcript returned upon the writ of error, the proceedings in the Circuit Court terminated. But the clerk of the Circuit Court has copied into the transcript subsequent proceedings in the matter, which occurred in the Probate Court of Drew County, after the adoption of the present Constitution, and the restoration of probate jurisdiction to the Probate Courts.

It seems that the securities of Mrs. Arrington renewed their application to be released from her bond in the Probate Court, on the ground that she was wasting the estate of her ward, and on the 27th of July, 1875, the court ordered her to file a new bond in fifteen days, or her letters would be revoked. On the 26th day of April, 1876, the court revoked her letters because of her failure to comply with this order, and appointed James P. Stanley guardian of West A. Arrington, who thereupon entered into bond, and letters were issued to him.

It also appears that on the 23d of February, 1876, John E. Strong recovered a judgment, in the Drew Circuit Court, against Mrs. Arrington, as guardian of West A. Arrington, and at the April Term, 1876, of the Probate Court, applied for an order to sell lands alleged to belong to West A. Arrington, to pay the judgment and claims of other creditors.

On the 5th of December, 1876, and while this application for an order to sell the lands was pending in the Probate Court, West A. Arrington sued out the writ of error in this case, in which Mrs. Arrington and Stanley were made defendants.

The writ of error does not bring before us for review the proceedings in the Probate Court, appointing Stanley, guardian, etc., and they were improperly copied into the transcript. It is the province of the Circuit Court to review them, on proper application, before they can be brought here, and the writ of error must be dismissed as to Stanley, who was erroneously joined with Mrs. Arrington as a defendant.

The writ of error brings before us for review the judgment of the Circuit Court declaring the plaintiff in error to be insane, and appointing Mrs. Arrington his guardian.

At the time the judgment was rendered, the Circuit Court had jurisdiction of the subject matter. Gantt's Dig., sec. 3488.

But it does not appear that the plaintiff in error had any notice of the application to have him declared *non compos mentis*, or that he was brought before the court, or that there was any inquest by a jury. Ib., sec. 3489.

The judgment of the Circuit Court declaring him insane, and appointing Mrs. Arrington guardian must therefore be reversed, annulled, set aside, and held for naught, and the judgment of this court certified to the court below.