## BLEVINS *v.* CASE.

### Opinion delivered April 22, 1899.

INJUNCTION—ADMINISTRATOR'S SALE—EVIDENCE.—In a suit by an administrator to enjoin a sale of his decedent's land upon the ground that the sale was ordered on petition of a creditor who had failed to make demand in writing of the administrator to present a petition for an order of sale, as required by Sand. & H. Dig. § 201, the administrator's testimony that he "did not have legal notice" is not sufficient to show that the creditor did not make a proper demand. (Page 418.)

Appeal from Cleburne Circuit Court, in Chancery.

BRICE B. HUDGINS, Judge.

#### STATEMENT BY THE COURT.

This was a suit to enjoin the sale of certain lands ordered by the probate court of Cleburne county for the payment of a certain claim which had been allowed by said court. It appears from the record that the appellant was appointed administrator *de bonis non* on the 28th day of December, 1883; that the claim was allowed by the probate court in October, 1886. The order of the probate court directing sale of lands to pay said claim was made on the 21st day of July, 1896. The appellant in his suit to enjoin set up, *inter alia,* that the claim allowed by the probate court was pretended and fraudulent, and he alleged various reasons why it was simulated and fraudulent, and should not have been allowed by the probate court, none of which we deem it necessary to mention. He alleged that he knew nothing about the pretended claim until after the institution of proceedings by the appellee for the sale of the land. He further

alleged that the appellee (Case) was not a creditor, nor the owner of said claim by assignment of it to him; that he (Case) never made legal demand to him as administrator of said estate to petition the probate court for an order to sell lands belonging to the estate for the payment of debts. He sets up that the petition of Case to the probate court for the sale of lands was not properly verified. He says that Case is estopped by delay, laches and neglect to pursue his remedy for the allowance and collection of said pretended claim. He prays that the judgment of allowance be vacated and quashed, and that a restraining order issue, restraining him from the enforcement of or attempt to enforce the said order of the probate court for the sale of the lands. Demurrer to the complaint was overruled.

The answer denied all the allegations of the complaint, and says: "If such order of sale by the probate court is prejudicial to plaintiff, he has an adequate remedy at law, and is not entitled to the determination which he seeks here."

The chancellor found "that there was no fraud proved by the plaintiff in procuring the order of allowance of the claim upon which the order of sale in said probate court was based; that the defendant has been and is guilty of laches in the prosecution of his said claim in the said probate court, so far as is shown in this cause; and, it appearing, also, to the court that pending on the law side of this court is a suit between the parties hereto, on appeal from the probate court of this county, involving the issues in this cause, and the court, being of the opinion that laches may be pleaded in a court at law, doth, upon the whole, find for the defendant." The court thereupon dismissed the plaintiff's complaint for the want of equity.

*Ben Isbell*, for appellant.

An affiant to a claim must *subscribe*, as well as swear, to it. Sand. & H. Dig. § 114. A justice's certificate should show his jurisdictional limits. 17 Ark. 284; 5 Ark. 61; 15 Ark. 657. The allowance of the claim, being before the date of the affidavit, was premature. §§ 119, 115. The time for appeal from the order of the probate court allowing the claim having expired, appellant has no remedy outside the chancery

court.   32 Ark. 283;  35 Ark. 157;  14 Ark. 360;  1 Ark. 116;
5 Ark. 505;  27 Ark. 157;  32 Ark. 18;  6 Ark. 79.   Chancery
has jurisdiction to relieve from  surprise, accident, mistake or
.fraud.   32 Ark. 283;  35 Ark. 157;  14 Ark. 360;  31 Ark. 83;
. 5 Ark. 501.   The application for the sale of the land was un
reasonably delayed.   56. Ark. 633;  46 Ark. 373;  47 Ark. 470;
37 Ark. 155.

WOOD, J., (after stating the facts.)   We will not under-
take to set out the evidence, but we are of the opinion that the
court was correct in finding that there was no fraud in procur-
ing the order of allowance of the claim upon which the order
of sale was founded.   If it be true, as appellant alleges, that
appellee did not demand of him, in writing, as the personal rep-
resentative of Gresham, deceased, sixty days before the next
term of the probate court, to present his petition praying for
an order to sell the lands belonging to the intestate, as required
by law, then the court might have been without jurisdiction to
make the order.   The probate court is a court of superior juris-
diction.   *Borden* v. *State*, 11 Ark. 519;  *Ex parte Marr*, 12 Ark.
84;  *Montgomery* v. *Johnson*, 31 Ark. 74;  *Apel* v. *Kelsey*, 52
Ark. 341;  *Alexander* v. *Hardin*, 54 Ark. 489.   It has exclu-
sive jurisdiction of the payment of claims against the estate of
deceased persons.   *Horner* v. *Hanks*, 22 Ark. 572.   Where a
court of general jurisdiction acts within the scope of its general
powers, its judgments will be presumed to be in accordance
with its jurisdiction.

The evidence was not legally sufficient to overcome this
presumption.   The appellant simply says that he did not have
*legal* notice, thus virtually admitting that he did have notice.
But he does not show that it was not *legal*.   That was a ques-
tion for the court.   The appellant's *ipse dixit* that the notice
was not legal would not make it so.

Affirm.