HARE v. SHAW.

Opinion delivered July 8, 1907.

1. INSANITY—VALIDITY OF APPOINTMENT OF GUARDIAN.—In an action instituted by the guardian of a person of unsound mind in the name and for the benefit of his ward, such ward can not appear by next friend and challenge the legality of the guardian's appointment where his letters of guardianship are regular on their face. (Page 34.)

2. SAME—COLLATERAL ATTACK ON APPOINTMENT OF GUARDIAN.—Where the records of the probate court show the appointment of a guardian of a person of unsound mind, but does not show that notice was given to such insane person, or that she was brought before the court or a jury of inquest for examination, it will be presumed on collateral attack that the probate court took all necessary steps to acquire jurisdiction of such insane person. (Page 35.)

3. APPEAL—DISMISSAL OF ACTION—NECESSITY OF MOTION FOR NEW TRIAL. —Where an action by a guardian was dismissed by the court for want of authority to bring it, and the evidence heard by the court on the motion was brought up by bill of exceptions, the action of the trial court in dismissing the action will be reviewed on appeal, though no motion for new trial was filed. (Page 36.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

STATEMENT BY THE COURT.

A A. McDonald, as guardian of the person and estate of Ella Hare, a person of unsound mind, instituted in the circuit court of Sebastian County on behalf of his said ward an action against Tillman Shaw to recover possession of certain tracts or lots of real estate situated in the city of Ft. Smith alleged to be the property of said ward and wrongfully in the possession of said defendant. He also instituted five similar actions against certain other persons to recover from them other tracts or lots of real estate alleged to be the property of said Ella Hare.

A short time before the commencement of these actions William L. Euper, as next friend of said Ella Hare, alleging that she was a person of unsound mind, instituted separate action against Shaw and the other defendants to recover the same real estate.

Said Euper, as next friend, filed a motion to dismiss this action, and also filed similar motions in the other actions in-

stituted by said guardian, on the ground that said guardian had not been legally appointed as such, and had no authority to maintain the action on behalf of said Ella Hare. The alleged ground of attack upon the appointment of McDonald by the probate court is that the court made the appointment and issued the letters of guardianship without first having caused Ella Hare to be brought before the court, and without having first adjudged her to be of unsound mind. McDonald, as guardian, thereupon filed a motion in each of the actions instituted by Euper as next friend to dismiss them on the ground that he (McDonald) had been duly appointed by the probate court of Sebastian County guardian of said Ella Hare, and that the actions had been improperly brought by the next friend. The attorneys representing McDonald in the actions instituted by him, and the attorney for Euper in the actions which he had instituted, filed a written stipulation to the effect that the decision upon the motion in this case should control the disposition of the other cases.

On the hearing of the motion the defendant Shaw joined in the motion to dismiss the case, and the court sustained the motion and dismissed the action on the ground that McDonald had not been legally appointed guardian of Ella Hare, and that another action against the defendant for the same land had been instituted for Ella Hare by Euper as next friend.

McDonald thereupon prayed an appeal to this court for his ward, which was granted.

*Winchester & Martin,* for appellant.

1. A motion for new trial was not necessary. 10 Ark. 404; 43 Ark. 403; 46 Ark. 17; 57 Ark. 374; 1 Thompson on Trials, § 2716; 34 Mo. 340; 38 Mo. 100; 72 Mo. 227.

2. A judgment of the probate court, regular on its face, appointing a guardian for a person who is *non compos mentis* may not be collaterally attacked. 55 Ark. 275; 66 Ark. 1; *Id.* 416; *Id.* 629; 70 Ark. 88; 53 Ark. 37; 72 Ark. 586; *Id.* 21; *Id.* 101; Am. Law of Guardianship, § 135. *Arrington* v. *Arrington,* 32 Ark. 674, was a direct appeal from the judgment of the lower court, and is not applicable as against this contention.

*Ira D. Oglesby,* for appellee.

1. The appeal should be affirmed because appellant acquiesced in the judgment appealed from by filing a petition immediately after its rendition to have Ella Hare adjudged insane. He was thereby estopped to question the judgment. 47 Ark. 32; 53 Ark. 514; 64 Ark. 213.

2. No motion for new trial was filed, and the action of the court is not open to review. Authorities cited by appellant are not applicable to this case. 26 Ark. 536; 27 Ark. 37; *Id.* 549; 25 Ark. 562; 64 Ark. 483; 101 S. W. 754.

3. Whether or not Ella Hare had been judicially declared insane, and whether or not McDonald was her guardian, were questions *dehors* the record which the court determined from the testimony The court's finding of facts is as conclusive before this court as the verdict of a jury. 53 Ark. 329; *Id.* 542; *Id.* 161; *Id.* 621; 73 Ark. 187; 57 Ark. 93; *Id.* 483; 50 Ark. 305; 55 Ark. 331.

This is not a question of collateral attack. These facts constituted a question which the lower court determined from the evidence, and this court will presume that the lower court correctly applied the law.

4. Where a probate court, without written information being given, without notice to the alleged insane person, without his being brought before the court and without any adjudication of insanity, appoints a guardian for such person, such appointment is void, and may be attacked either directly or collaterally. 32 Ark. 674; 46 Am. Dec. 280; 63 S. W. 783; 67 S. W. 880; *Id.* 206.

McCulloch, J., (after stating the facts.) The questions presented are whether, in an action instituted by the guardian of a person of unsound mind in the name and for the benefit of his ward, such ward can appear by next friend and challenge the legality of his appointment as guardian and letters of guardianship where they are *prima facie* regular; and, next, whether the guardian's appointment and letters in this case are legally sufficient to withstand a collateral attack upon them.

The first question can be readily answered in the negative. Probate courts are, under the Constitution and laws of this

State, superior courts within the limited jurisdiction assigned to them, and judgments rendered in the exercise of such jurisdiction can not be called in question collaterally. *Borden v. State,* 11 Ark. 519; *Montgomery v. Johnson,* 31 Ark. 74; *Adams v. Thomas,* 44 Ark. 267; *Apel v. Kelsey,* 52 Ark. 341; *Alexander v. Hardin,* 54 Ark. 480; *Blevins v. Case,* 66 Ark. 416; *Jackson v. Gorman,* 70 Ark. 88.

Under the Constitution, exclusive jurisdiction is vested in the courts of probate in "matters relative to the probate of wills, the estate of deceased persons, executors, administrators, guardians and persons of unsound mind and their estates." Const. 1874, art. 7, § 34. The records of the probate court relative to appointment of a guardian of the said Ella Hare, introduced in evidence in the court below on the hearing of this motion, show that in October, 1894, one Matthew Grey presented to the probate court of Sebastian County his petition for appointment as guardian of Ella Hare. The court entered a judgment granting the prayer of the petition and ordering the issuance of letters of guardianship, which was done, upon the execution and approval of the bond. In January, 1904, another guardian was appointed in the place of Grey, and in May, 1905, on presentation of a petition alleging that Ella Hare was a person of unsound mind, a judgment was rendered appointing McDonald as her guardian, and letters of guardianship in due and regular form were issued to him after the execution and approval of his bond.

It must be conceded that the order of court making the appointment and the letters of guardianship are regular as far as they go, but it is contended that the probate court had no jurisdiction to appoint a guardian until a formal order had been rendered adjudging said Ella Hare to be a person of unsound mind, and that such adjudication must have been made upon notice to the person alleged to be of unsound mind or after she had been brought before the court.

In *Arrington v. Arrington,* 32 Ark. 674, it was held that the court exercising probate jurisdiction should not render a judgment declaring a person to be insane and appoint a guardian without notice to such person or without causing him to be brought before the court or jury of inquest. In that case, how-

ever, the validity of the appointment was directly called in question on writ of error to this court bringing up the whole proceedings for review, whereas in the case at bar the question of the validity of the appointment arises collaterally. We must presume, the record of the probate court being silent on the subject, that the court first inquired into the condition of the alleged imbecile and found her to be of unsound mind, and we must presume, too, where the record is silent, that the court took all necessary steps to acquire jurisdiction of the person of the imbecile. *Blevins v. Case*, 66 Ark. 416; *Jackson* v. *Gorman*, 70 Ark. 88.

We are clearly of the opinion, therefore, that the appointment of McDonald as guardian was valid, as far as it can be questioned in this case, and that the court erred in dismissing the action instituted by him in the name of his ward to recover possession of her property.

It is further contended by learned counsel for appellee that the questions involved can not be reviewed here because no motion for new trial was filed below. The evidence, record and oral, introduced at the hearing below was brought upon the record by bill of exceptions, but no motion for new trial was filed. None was necessary. This was not a trial of the merits of the case, but merely a preliminary motion to determine whether or not the action had been properly instituted. It is true that the hearing of the motion resulted in a decision which disposed of the case and was appealable, but it was not such a trial of the case upon its merits as required a motion for a new trial. There was no trial at all in that sense. The statute defines a motion for new trial to be a "re-examination in the same court of an issue of fact, after a verdict by a jury or decision by the court," and provides that "the former verdict or decision may be vacated and a new trial granted." Kirby's Digest, § 6215. Now, this provision manifestly has no reference to an inquiry and decision of the court upon a motion testing the power of the plaintiff or his legal representative to maintain that action, even though the action be discontinued as a result of the decision. 2 Thompson on Trials, § 2716.

It is unnecessary for us to determine in this case whether or not the guardian had the right to take an appeal in the name of his ward from the decision of the court refusing to dismiss the actions instituted in her name by Euper as next friend. This, it would seem, is a matter about which only the several defendants in those suits have grounds of complaint because they are improperly sued, and sued twice for the same subject-matter. Inasmuch, however, as this case is to be remanded, we should add that the court should either dismiss the actions brought by the next friend, or dismiss those brought by the guardian and substitute the guardian for the next friend, in the actions previously brought by the latter. Kirby's Digest, § § 6021, 6026. Either course is authorized by the statute, and either would work out orderly proceedings for the protection of the rights of the ward.

The judgment dismissing the action is reversed with directions to re-instate the action and for further proceedings not inconsistent with this opinion.