## MELLON, AGENT, ETC. *v.* WEISS, ADMINISTRATOR, ETC.

### CERTIORARI TO THE MUNICIPAL COURT OF THE CITY OF BOSTON, MASSACHUSETTS.

No. 223. Argued March 19, 1926.—Decided April 12, 1926.

1. Substitution of the federal Agent as defendant in a suit erroneously brought against a railroad company on a cause of action for non-delivery of goods that arose during federal control, is in effect the commencement of a new and independent proceeding. *Davis* v. *Cohen Co.,* 268 U. S. 638. P. 567.
2. Therefore the suit will be barred by a time limit in the bill of lading if the substitution be not made within that limit, dating from the arising of the cause of action. *Id.*

250 Mass. 12, reversed.

CERTIORARI to a judgment, entered upon direction of the Supreme Judicial Court of Massachusetts, adjudging damages to the plaintiff Weiss, as administrator, in a suit brought originally against the New York, New

Haven & Hartford Railroad Company for non-delivery of a bale of rags. Davis, Director General of Railroads and Agent under the Transportation Act, was substituted as defendant below, and in this court was succeeded by the petitioner Mellon.

*Mr. Arthur W. Blackman* for petitioner.

*Mr. John W. Keith,* with whom *Mr. Benjamin Rabalsky* was on brief, for respondent.

Mr. Justice Brandeis delivered the opinion of the Court.

In November, 1918, while the New York, New Haven & Hartford Railroad was under federal control, a bale of rags was received for shipment to Louis Cutler, the owner. The reasonable time for delivery expired in December, 1918. The rags were never delivered. Cutler assigned his claim for damages to Nominsky. In May, 1919, the latter commenced this action thereon in a state court of Massachusetts. Because he named the Railroad Company as sole defendant, the action was dismissed by the trial court. In June, 1921, that judgment was affirmed by the Supreme Judicial Court. *Nominsky* v. *New York, New Haven & Hartford R. R. Co.,* 239 Mass. 254. See *Missouri Pacific R. R. Co.* v. *Ault,* 256 U. S. 554. In January, 1922, the writ and declaration were, by leave of the trial court, amended under § 206(a), Transportation Act, 1920, c. 91, 41 Stat. 456, 461, by substituting as defendant Davis, Agent and Director General. The summons was immediately served upon him. Later, Nominsky died. Weiss, his administrator, was substituted as plaintiff.

Davis, appearing specially to object to the jurisdiction of the court over him, asked that the suit be dismissed. Without waiving that objection, he asked for judgment upon the following among other grounds. The shipment

had been made on an order bill of lading which provided that: "Suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed." Davis claimed that, although the substitution of him as defendant was made within two years from the termination of federal control, the action was barred by the bill of lading, because the substitution was not made until after two years and one day from the lapse of the reasonable time for delivery. The objection was overruled by the trial court; and it entered judgment for the plaintiff. The Appellate Division ordered judgment for the defendant. The Supreme Judicial Court reversed that order and directed the trial court to enter judgment for the plaintiff. *Weiss* v. *Director General of Railroads,* 250 Mass. 12. This Court granted a writ of certiorari, 267 U. S. 588, on January 26, 1925.

Since then, *Davis* v. *L. L. Cohen & Co., Inc.,* 268 U. S. 638, 640, 642, has settled that a suit against a railroad company is not a suit against the Director General; that § 206(d) of Transportation Act, 1920, authorized substitution of the designated Agent as defendant only in a suit which had been brought during federal control against the Director General; and that in a suit against a railroad company pending at the termination of federal control an amendment of the writ and declaration by substituting as defendant the designated Agent is to be deemed the commencement of a new and independent proceeding to enforce the liability of the Government. Applying that rule, there was in the case at bar no suit to enforce the Government's liability pending at the termination of federal control. The order substituting the Agent was not made until more than two years and a day after the cause of action arose; and as such an order of substitution is held to be the commencement of a new and independent

proceeding, it follows that the suit is barred by the terms of the bill of lading.

Other objections made by the defendant to the action of the state court need not be considered.

*Reversed.*