## DELLAPORTA v. UNITED STATES.

### No. 5299.

District Court, D. Massachusetts.

May 16, 1939.

Vincent Mottola, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and John J. Cummings, Atty., U. S. Department of Justice, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

Michael DePascale, a World War veteran, died March 15, 1921, leaving as his only heir his mother, Mary DePascale, who was named as beneficiary in a policy of war risk insurance for $5,000, which the veteran had allowed to lapse January 1, 1919.

On February 5, 1926, attorneys on behalf of the brother of the insured inquired of the Veterans' Bureau whether the mother was entitled to any insurance due on the policy, and on February 12, 1926, the Bureau replied that the policy was not in force at the time of the death of the insured, and no benefits were payable.

On September 7, 1932, the above-named petitioner brought suit on the policy, believing she was the beneficiary named in it. She was a distant relative with whom the insured had lived, but it is now conceded that she had no interest in the policy or in the estate of the decedent. She presented a claim to the Veterans' Bureau for

the benefits of the policy July 3, 1931. The claim was denied September 2, 1932. A motion to dismiss was filed by the United States on the ground that the plaintiff was not a party entitled to sue upon the contract. This motion to dismiss together with two motions of the petitioner to amend the petition are before the Court for consideration.

The first motion to amend was filed in 1937, wherein petitioner moves to substitute as a petitioner Mary DePascale, and the second motion, filed in 1938, seeks to substitute the public administrator of the estate of the insured as petitioner.

This court had no jurisdiction to entertain the original petition. Both the capacity to sue and a disagreement between the Veterans' Bureau and a claimant having an interest in the policy are deemed indispensible pre-requisites to jurisdiction of the District Court over controversies arising from contracts of war risk insurance. United States v. Mills, 6 Cir., 91 F. 2d 487; Smallwood v. United States, 4 Cir., 91 F.2d 287.

. Nor had the court jurisdiction in 1937, or at any time after July 3, 1931, to entertain a suit brought by the beneficiary, or by the administrator, unless they can avail themselves of the disagreement between the Veterans' Bureau and Guilia Dellaporta, the original petitioner.

It is settled on tenable grounds that the limitation of the statute cannot be thus avoided. United States v. Mills, supra; Smallwood v. United States, supra; Jewell v. United States (Western Dist. of Ky. 2/21, 1939) 27 F.Supp. 836; Ballenger v. United States, D.C., 11 F.Supp. 911.

The privilege of suing the United States depends wholly upon Federal Statutes, and inasmuch as these statutes impose the jurisdictional requirements, above noted, as well as time limitations upon the right to sue, 38 U.S.C.A. § 445, it is obvious that the statutes of Massachusetts relative to amendments do not apply. Mellon, Agt. v. Weiss, Adm'r, 270 U.S. 565, 46 S.Ct. 378, 70 L.Ed. 736; United States v. Boomer, 8 Cir., 183 F. 726. See also Third National Bank & Trust Co. of Springfield v. White, D.C., 58 F.2d 411.

The defendant's motion to dismiss is allowed, and the petitioner's motions to amend are denied.