Ruth **CROWDER**, Mother and Next Friend of Walter Paul Crowder and David Douglas Crowder, Minors, Plaintiff,

v.

**GORDONS TRANSPORTS, INC.,** a Corporation, Defendant.

Civ. A. No. 2005.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Feb. 21, 1967.

Robinson & Rogers, Van Buren, Ark., Hardin, Barton, Hardin & Jesson, Fort Smith, Ark., for plaintiff.

Shaw, Jones & Shaw, Fort Smith, Ark., Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## OPINION

JOHN E. MILLER, District Judge.

There are before the court two motions to dismiss. Before discussing the merits of the motions, the court believes that a brief resume of the pleadings should be made.

On July 12, 1966, the original complaint was filed, the caption of which is as follows:

RUTH CROWDER, Administratrix of the Estate of WALTON W. CROWDER, Deceased.

v.

GORDONS TRANSPORTS, INC., A Corporation.

In the complaint it is alleged that the plaintiff, Ruth Crowder, was appointed Administratrix of the Estate of Walton W. Crowder, deceased, by the Probate Court of Lawrence County, Arkansas, on June 3, 1966; that the defendant, Gordons Transports, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Tennessee, with its principal place of business in the City of Memphis; that the defendant is a common carrier of freight, etc., for hire in interstate commerce, and operates trucks and transports over the highways of the States of Missouri and Arkansas, as well as other states; that it has a branch office in the City of Fort Smith in the Western District of Arkansas.

That on July 27, 1965, Walton W. Crowder received injuries from which he died instantly in the collision of a 1965 International tractor trailer transport being operated by James J. Gray, an employee of defendant, acting within the scope of his employment, and a tractor trailer transport being operated by the said Walton W. Crowder; that the collision occurred on Missouri State Highway 53 in Oregon County, Missouri, approximately eight-tenths of a mile north of the Arkansas-Missouri state line.

Then follow allegations of specific acts of negligence on the part of the defendant, which are alleged to have been a proximate cause of the collision.

In paragraph VI of the complaint it is alleged:

"The decedent, at the time of his death aforesaid, was 40 years of age with a life expectancy of 32.18 years and was an able bodied man, gainfully employed, earning in excess of $10,-000.00 per year. The decedent left surviving him as his sole and only heirs at law a widow, namely Ruth Crowder, and two sons, namely Walter Paul Crowder, age 18, and David Douglas Crowder, age 4."

The plaintiff seeks to recover $150,000 for the use and benefit of herself as the surviving widow, and for the use and benefit of Walter Paul Crowder and David Douglas Crowder the sums of $100,000 and $150,000, respectively.

The defendant filed an answer to the complaint on August 1, 1966, denying any negligence on its part, and in paragraphs 5, 6, 7 and 8 alleged:

"5. States that both the accident causing death and the death occurred in Missouri and that any cause of action arising or existing for the alleged wrongful death of Walton W. Crowder arises and exists only by virtue of the wrongful death statutes of Missouri.

"6. States that under the Missouri wrongful death statutes, the plaintiff may not institute or maintain this action and that the complaint fails to state a claim upon which relief can be granted.

"7. States that under the Missouri wrongful death statutes, if there be any liability or responsibility for the alleged wrongful death, the amount recoverable as damages is limited to Twenty Five Thousand Dollars ($25,-

000.00) and no damages can be awarded or recovered except as fair and just compensation for direct pecuniary loss resulting from the death.

"8. States that to the extent that the complaint seeks to recover damages in excess of Twenty Five Thousand Dollars ($25,000.00) and for elements of damages other than for direct pecuniary loss resulting from the death, the complaint fails to state a claim upon which relief can be granted."

Following the filing of the answer, the defendant served and submitted a pretrial memorandum in support of the allegations contained in paragraphs 5, 6, 7, and 8 of the answer.

On December 9, 1966, the defendant filed a motion to dismiss the original complaint hereinabove referred to, in which the defendant alleged:

"The accident which caused the death of Walton W. Crowder, deceased, and his death, occurred in the State of Missouri, and any cause of action for the alleged wrongful death of Walton W. Crowder, deceased, arises and exists only under and by virtue of the wrongful death statutes of Missouri.

"Under the applicable Missouri wrongful death statutes, the plaintiff is not the proper person to institute or maintain this action and the complaint fails to state a claim upon which relief can be granted."

Subsequent to the filing of the motion to dismiss, the Administratrix served and submitted to the court on December 16, 1966, a memorandum brief in opposition to the motion, in which she contended, inter alia:

"All of the contacts save one, in our instant case, are with the State of Arkansas. It is submitted that this court should reject the inexorable application of law of the place of tort where that place has no reasonable nor relevant interest in this particular case. This Court should apply the substantive law of Arkansas, the State with which the facts are in most intimate contact."

Upon the submission of said brief, the Administratrix, through her attorneys, orally requested that the court defer consideration of the motion and grant time for her to file an amendment to the complaint. In response to the oral request the court on December 21, 1966, entered an order deferring further consideration of the defendant's motion to dismiss and granting the plaintiff Administratrix 30 days within which to serve and file an amendment to the complaint on behalf of the heirs at law of Walton W. Crowder, deceased.

The Administratrix, within the time granted by the order of the court, filed the "Amended Complaint" on January 21, 1967, styled as follows:

RUTH CROWDER, Mother and Next Friend of WALTER PAUL CROWDER and DAVID DOUGLAS CROWDER, Minors,

v.

GORDONS TRANSPORTS, INC., A Corporation.

In the amended complaint the plaintiff realleged and adopted the allegations contained in paragraphs II, III, IV and V of the original complaint, and further alleged that the decedent, Walton W. Crowder, left surviving him, among others, two minor children, namely, Walter Paul Crowder, age 18, and David Douglas Crowder, age 4, and that as a result of the wrongful death of the decedent, the minors have been deprived of the financial contributions for support, maintenance, education, etc., for all of which the plaintiff, as mother and next friend, is entitled to recover for the benefit of the minor children the sum of $25,000.

On February 1, 1967, the defendant filed a motion to dismiss the amended complaint upon the following grounds:

"The accident which caused the death of Walton W. Crowder, deceased, and his death, occurred in the State of Missouri, and any cause of action for the alleged wrongful death of Walton W. Crowder, deceased, arises and exists only under and by virtue of the

wrongful death statutes of the State of Missouri.

"Under the applicable Missouri wrongful death statutes, the cause of action asserted by the plaintiff in the amended complaint is barred by the statute of limitations which is a part of the statute creating the right of action; the amended complaint fails to state a claim upon which relief can be granted."

The record discloses that at the time of the death of the deceased he was domiciled in the State of Arkansas. At the time the suit was commenced the plaintiff and the minor children were citizens of Arkansas, and the defendant was a citizen of Tennessee.

The court will consider separately each of the motions, and it is necessary to keep in mind the following dates: The death of the deceased occurred on July 27, 1965. Ruth Crowder, the widow of the deceased, was appointed Administratrix of the estate of the deceased on June 30, 1966. The original complaint was filed on July 12, 1966. The first motion to dismiss was filed December 9, 1966. The amended complaint was filed January 21, 1967. The motion to dismiss the amended complaint was filed February 1, 1967.

Prior to the request of the Administratrix for leave to amend her original complaint and the entry of the order of the court permitting the filing of the amended complaint, the Supreme Court of Arkansas on December 5, 1966, in McGinty v. Ballentine Produce, Inc., 241 Ark. 533, 408 S.W.2d 891, reaffirmed its decision in the case of Wheeler v. The Southwestern Greyhound Lines, Inc., (1944) 207 Ark. 601, 182 S.W.2d 214, in which the court at page 603 of 207 Ark., at page 215 of 182 S.W.2d said:

"An action for wrongful death is based on the statute of the place where the injury occurred that caused the death, that is, the lex loci delicti. Earnest v. St. Louis, M. & S. E. R. Co., 87 Ark. 65, 112 S.W. 141; Tipler v. Crafton, 202 Ark. 351, 150 S.W.2d 625; 15 C.J.S., Conflict of Laws § 12, p. 899; Leflar on 'Conflict of Laws', Section 79. In the case at bar the injury causing the death occurred in Missouri, so the Missouri law governs. Midland Valley R. Co. v. Le Moyne, 104 Ark. 327, 148 S.W. 654; American Ry. Exp. Co. v. Davis, 152 Ark. 258, 238 S.W. 50, 1063."

In Wheeler, supra, the court fully considered the various applicable statutes of the State of Missouri and the period of limitations contained in the statutes creating a cause of action for death. At page 604 of 207 Ark., at page 215 of 182 S.W.2d, in quoting from Conflict of Laws by Robert A. Leflar, the court stated:

" 'There is one well recognized exception to the general rule that statutes of limitation are procedural. When a statute which creates a new type of right specifies that the existence of its new creation shall continue only for a limited length of time, there is no existent right beyond what the statute has created, and obviously no other state, even though its statute would allow a longer period for such suits, can entertain an action on a right which has ceased to exist. Death acts are characteristic in this respect, since the action for wrongful death is a new type of right arising by reason of the statutes altogether, and the statutes usually state that actions thereunder must be brought within a named time after the death. Arkansas has thus refused to allow an action for Missouri wrongful death brought later than the one-year period which the Missouri Act allows for the bringing of such actions, even though the two-year period set by the Arkansas act (Pope's Digest, Sec. 1278) has not yet passed'."

In McGinty, supra, the court considered the identical contention now made by plaintiff in opposition to the motion to dismiss the original complaint, and at page 537 of 241 Ark., at page 893 of 408 S.W.2d said:

"We recognize that some courts, and a growing number of Law Review writers are going to the so-called 'forum preference' rule. We cannot

now say whether this Court will, in a stronger case than the one here presented abandon the 'lex loci delicti' rule in favor of the 'forum preference' rule; but in the case at bar we adhere to the lex loci delicti rule, just as we held in Wheeler v. Southwestern Greyhound, supra. Here the deceased was not a resident of Arkansas; the administratrix was not appointed by any court in Arkansas; the traffic mishap did not occur in the State of Arkansas. The only contact that Arkansas had to the mishap was the fact that the defendant has a place of business in Arkansas. All of the other factors —residence of the deceased, place of mishap, the appointment of the administratrix—had their locale in Missouri. Under such circumstances we feel that the plaintiff should not be allowed to 'shop around' to find some forum (Arkansas, in this instance) which has a more favorable statute than that of Missouri. And we certainly feel this is true after the Federal Court of Missouri had denied relief in the interrelated case of Glick v. Ballentine Produce, Inc., 8 Cir., 343 F.2d 839. There is no escape from the logic and the conclusions stated by the Court of Appeals for the 8th Circuit in Glick v. Ballentine".

In Glick v. Ballentine Produce, Inc., (8 Cir. 1965) 343 F.2d 839, the court, in summarizing the substantive law applicable in Arkansas and Missouri to wrongful death actions, at page 841 said:

"In both jurisdictions a cause of action for wrongful death, not cognizable at common law, arises only by virtue of the wrongful death statutes which must be strictly adhered to in determining who may institute an action within the time limits provided therein." (Citing cases.)

At page 842 the court said:

"Turning to the statutes, in Arkansas § 27–906, Ark.Stat.1947 Annotated, creates the cause of action; § 27–907 provides that the action shall be brought in the name of the personal representative of the deceased, and if there is no personal representative, then by the heirs of law of the deceased; § 27–909 provides for recovery of damages as will be fair and just compensation for pecuniary injuries sustained by the parties entitled thereto (no limit fixed) including mental anguish suffered by the surviving spouse and next of kin of the deceased person. * * *

"In Missouri, the cause of action is created by § 537.080 V.A.M.S.; and shall be commenced within one year after the cause of action accrues, § 537.100. The surviving spouse has the right to institute the action within six months after the death of the deceased. If there be no surviving spouse or he or she fails to sue within six months, the surviving minor child or children may institute the cause of action. If there be no surviving spouse, minor child or children, then suit may be instituted by the administrator or executor of the deceased. Forehand v. Hall, 355 S.W.2d 940 (Mo.1942). The amount recoverable as damages is limited to $25,000. § 537.090 V.A.M.S.

*    *    *    *    *    *

"It is fundamental that in diversity cases the federal courts, when deciding questions of conflict of laws, must follow the rules prevailing in the states in which they sit."

At page 843 the court said:

"As we have seen, Bessie McGinty, widow and administratrix, and Wallace Glick, the minor son, filed the action jointly to recover damages for the alleged wrongful death in the amount of $162,000. There is no authority in Missouri law to support a joint cause of action by the widow and minor child or children. Under the Missouri wrongful death statute, § 537.080, the widow alone has the first right to sue. If she fails to appropriate her right within six months after the death of her husband, the minor child or children have the next six months in which to institute the action. In Cummins v. Kansas City Public Service Co., 334

Mo. 672, 66 S.W.2d 920, 930 (1933), the Missouri Supreme Court, en banc, reviewed the history of the Missouri Act, and stated among other things:

" 'The statute provides for but one cause of action * * *.

\* \* \* \* \* \*

" 'Whether the widow or the children have the right to endorse this cause of action, it remains the same cause of action and passes from one beneficiary to another. They do not have a joint cause of action nor concurrent causes of action * * *.' "

■ Under the allegations in the original complaint and the uncontroverted facts, the plaintiff was not entitled to recover. The complaint did not state a cause of action, and an order dismissing the complaint would have been entered, but when plaintiff orally requested the court for permission to file an amendment, the court deferred the entry of an order of dismissal of the original complaint to allow a consideration of any question that might be raised by the amendment.

In the first paragraph of the plaintiff's brief in opposition to the motion of defendant to dismiss the amended complaint, the following statement appears:

"The question raised by the defendant's motion to dismiss plaintiff's amended complaint is whether or not the amended complaint relates back to the time of the filing of the original complaint on July 12, 1966."

It is further stated that the principles decisive of the issue now raised are elementary. Reference is made to Rule 15(a), Fed.R.Civ.P., which provides that amendments shall be freely given when justice so requires. Subparagraph (c) of the rule provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

(An amendment was added effective July 1, 1966, but the amendment clearly has no application to the question before the court.)

Also, the plaintiff contends that subdivision (c) of the rule should be liberally construed and applied, and that an amendment does not state a new cause of action if the claim alleged therein grows out of the same transaction and is basically the same, or is identical in the essential elements upon which the right to sue is based and upon which defendant's duty to perform is alleged to have arisen. The general wrong suffered and the general conduct causing this wrong are the controlling considerations.

■ The court has no quarrel with the contention that the Federal Rules of Civil Procedure should be liberally construed. However, under the uncontroverted facts, the amendment is not within the provisions of the rule relative to the relation back of amendments.

In 3 Moore's Federal Practice, 2d Ed., ¶ 15.15[4.–1], beginning on page 1041, the learned author states:

"The general rule is that 15(c) will not apply to an amendment which substitutes or adds a new party or parties for those brought before the court by the original pleadings—whether plaintiff or defendant.

"An exception to the above rule has developed, however, in favor of relation back, both as to plaintiff and defendant, when the new and old parties have a sufficient identity of interest so that it can be assumed, or proved, that relation back is not prejudicial. This exception is thoroughly sound. But unfortunately it is either not universally recognized or it is applied too restrictively.

"Generally, in order to take advantage of the exception, the party seeking to amend will have to make some showing that his failure to join the proper party at the outset of the litigation is not the result of his inexcusable neglect. While 15(c) does not by its terms grant the court discretion to re-

fuse to allow an amended pleading to relate back, the motion for leave to amend the pleading will, however, normally be made under subdivision (a), which accords such discretion."

See, also, Davis v. L. L. Cohen & Co., (1925) 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129; Mellon v. Weiss, (1926) 270 U.S. 565, 567, 46 S.Ct. 378, 70 L.Ed. 736.

In determining whether the amendment filed by Ruth Crowder as the mother and next friend of Walter Paul Crowder and David Douglas Crowder, minors, relates back, it is essential to consider (1) that the death of the deceased occurred on July 27, 1965; (2) Ruth Crowder, as Administratrix of the estate of the deceased, filed her complaint on July 12, 1966, or 11 months and 15 days after the death of the deceased; (3) the motion to dismiss the original complaint was filed December 9, 1966; (4) the amended complaint was filed by Ruth Crowder as the next friend of the children of the deceased on January 21, 1967, or 1 year, 5 months and 24 days after the death of the deceased; (5) the motion to dismiss the amended complaint was filed February 1, 1967; and (6) that Ruth Crowder, as the surviving spouse of the deceased did not appropriate her right of action within six months after the death of the deceased. At no time did she commence any action as the spouse of the deceased, but the original action was commenced by her as Administratrix of the estate of the deceased.

The amended complaint, although filed by Ruth Crowder as the next friend of the minor children, does not give her any interest in the relief sought by the amendment to the complaint for the reason that "[i]t is the infant, and not the next friend, who is the real and proper party." Morgan v. Potter, (1894) 157 U.S. 195, 15 S.Ct. 590, 39 L.Ed. 670. Mrs. Crowder, as next friend, was merely a nominal party. St. Louis, I. M. & S. Ry. Co. v. Haist, (1903) 71 Ark. 258, 72 S.W. 893; Hare v. Shaw, (1907) 84 Ark. 32, 104 S.W. 931; Buckley v. Collins, (1915) 119 Ark. 231, 177 S.W. 920. Since no suit was filed by the surviving

spouse within six months after the death of the deceased, the surviving minor children had six months in which to institute the cause of action provided, of course, it was instituted within one year after the death of the deceased.

In Goldschmidt v. Pevely Dairy Co., (1937) 341 Mo. 982, 111 S.W.2d 1, the Supreme Court of Missouri at page 3 of 111 S.W.2d said:

"But it is contended that the filing of the first amended petition, two months and nine days after the lapse of the one year, relates back 'to the time of the filing of the original petition, and the joining of additional parties plaintiff or the substitution of a new plaintiff relates back to the filing of the original petition, and the joining of such additional plaintiffs or the substitution of a new plaintiff is not barred even though they were at the time of the amendment barred by limitations from instituting a new action.' As supporting these contentions plaintiffs call our attention to Drakopulos v. Biddle et al., 288 Mo. 424, 231 S.W. 924; Vaughan v. St. Louis & S. F. Ry. Co., 177 Mo.App. 155, 164 S.W. 144, loc. cit. 148; American R. Co. [of Porto Rico] v. Didricksen, 227 U.S. 145, 33 S.Ct. 224, 57 L.Ed. 456; Cytron v. St. Louis Transit Co., 205 Mo. 692, loc. cit. 698 et seq., 104 S.W. 109; Clark v. Kansas City, St. L. & Chicago R. Co., 219 Mo. 524, loc. cit. 540, 118 S.W. 40; Gresham v. Talbot, 326 Mo. 517, 31 S.W.2d 766.

"There would be merit in the relating back contention if there had been a cause of action vested in the widow when she, as sole plaintiff, filed the original petition, but, when the original petition was filed, there was no cause of action in the widow, hence there was nothing to relate back to. There being no cause of action in the widow when the original petition was filed, such petition could not be amended by bringing in the minor children as parties plaintiff, who had no cause of action when the first amended petition was filed, and this because they

did not sue within one year from the date of the death of their father. Meservey v. Pratt-Thompson Const. Co., Mo.App., 291 S.W. 174, loc. cit. 177, and cases there cited. We do not mean to imply that if the first amended petition, in which the minor children were added as plaintiffs, had been filed within the one year that such would have been an amendment of the original petition. Had that situation obtained, what is called the first amended petition could, we think, have been considered as a petition on behalf of the minor children, independent of the widow. To rule in accordance with the relating back theory, under the facts as appear here, would be to nullify section 3262 et seq., Mo.St.Ann. § 3262 et seq., p. 3353 et seq., as to what parties may sue under the wrongful death statute and when they must sue, if at all. We are constrained to rule that the second amended petition, under any theory, stated no cause of action in the widow and minor children."

In Forehand v. Hall, (Mo.1962), 355 S.W.2d 940, the Supreme Court of Missouri, beginning at page 943 said:

"Arthur R. Cobb died October 6, 1959, leaving surviving him his wife, Goldie, and one minor child, David. Under § 537–080 his surviving wife was entitled to sue in her own name and right within six months after October 6, 1959. Slater v. Kansas City Terminal Ry. Co., Mo.Sup., 271 S.W.2d 581, 582. This she did not do. The cause of action not having been appropriated by the surviving wife within the period authorized by the statute, the right to maintain the suit then passed to and vested in minor child David. Nelms v. Bright, Mo.Sup., 299 S.W.2d 483, 487. To avail himself of his cause of action minor child David was 'required to file suit within one year from date of death of deceased.' Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1, 3; Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, 931; §

537.100. This he did not do. The statute of limitations therefore ran on the minor child's cause of action on October 6, 1960. Goldschmidt v. Pevely Dairy Co., supra. The institution of the suit by Goldie M. Cobb as administratrix on October 5, 1960 did not prevent the running of the one year statute of limitations. At that date no cause of action existed in the surviving wife as a widow, she not having sued within the six-month period following the accrual of her cause of action. At that date no cause of action existed in the surviving wife as administratrix, since deceased left surviving him a wife and minor child. Longan v. Kansas City Rys. Co., 299 Mo. 561, 570, 253 S.W. 758, 761; Meservey v. Pratt-Thompson Const. Co., Mo.App., 291 S.W. 174; Fair v. Agur, 345 Mo. 394, 133 S.W.2d 402; Goldschmidt v. Pevely Dairy Co., supra. An administrator or executor has a cause of action for wrongful death only 'If there be no husband, wife, minor child or minor children * * *.' Section 537.080(4). The administratrix as such never had any legal or beneficial interest in the subject matter of the action."

The suit of Tipler v. Crafton, (1941) 202 Ark. 351, 150 S.W.2d 625, was brought by Jess Tipler as administrator of the estate of his brother, Frank Tipler, to recover damages because of negligence of the defendant in parking on Highway 21 near Hayti, Missouri, in consequence of which an automobile driven by Walter Crawford struck the back end of the truck and fatally injured Frank Tipler, who was with Crawford. The question before the court was whether within the period of limitations an amended complaint, when considered with the original complaint, stated a cause of action. The trial court held that it did not. It was conceded that appellant's rights were created by and subject to restrictions of Missouri laws. Frank Tipler died October 17, 1938. Suit was filed by the administrator on May 9, 1939, 22 days after six months from the

date of death. The defendant filed a motion on June 12, 1939, to dismiss on the ground that the administrator had no cause of action. The court did not act on the motion, and one year later, June 13, 1940, the amended complaint was filed. It alleged that the five plaintiffs in the amended complaint were the minor children and next of kin of Frank Tipler, deceased. As heretofore stated, the trial court was of the opinion that the amended complaint introduced new plaintiffs, and sustained the motion to dismiss. The appellants insisted that the amendment did not allege a different cause of action or set out new facts; that it "simply made the complaint more definite and certain as to whom the beneficiaries were," and alleged in more explicit terms that Jess Tipler, as administrator, was bringing the action "in the name of and for the benefit of the minor children." On page 355 of 202 Ark., on page 628 of 150 S.W.2d the court quoted from Baker v. Hannibal & St. Joseph Ry. Co., 91 Mo. 86, 14 S.W. 280, as follows:

> " 'In the statute which creates the right of action, and in the same section in which the statutory right and remedy is thus conferred upon the husband or wife, it is further provided, by the second subdivision, * * * that if there be no husband or wife, or he or she fails to sue in six months after the death, the right of action thereafter shall be vested in the minor children of the deceased, if there be such. This provision is not, we think, merely a *limitation* or bar to the remedy of the wife, but is a bar to the *right* itself, if there are minor children, and the existence, or non-existence, of such minor children is to be held, we think, as of the *substance* of the right of the wife to sue after the six months have expired."

The court also quoted extensively from Goldschmidt v. Pevely Dairy Co., supra, as well as Betz v. Kansas City So. Ry. Co., 314 Mo. 390, 284 S.W. 455, and on page 358 of 202 Ark., on page 629 of 150 S.W.2d said:

"It will be seen from the quoted Missouri decisions that the right to amend a complaint in circumstances such as we are dealing with is substantive, and not procedural, and the right to recover, under the statute, depends upon allegations made by the complaining party, who must bring himself within the terms of the law, as construed by the courts of that state."

Thus, both the Supreme Court of Missouri and the Supreme Court of Arkansas have held that there can be no relation back of an amendment unless there is something to which the amendment might legally attach.

The original complaint filed by Ruth Crowder, as Administratrix, did not state a cause of action against the defendant for the reasons hereinbefore stated. The amended complaint was filed long after the one-year statute of limitations had run, and there was no legal cause of action in any of the parties to the amended complaint against the defendant. The court is convinced that even under the most liberal interpretation of Rule 15(c), Fed.R.Civ.P., the amended complaint did not relate back to the date of the filing of the original complaint.

The plaintiff earnestly and vigorously contends that the decision in Russell v. New Amsterdam Cas. Co., (8 Cir., 1962) 303 F.2d 674, is decisive of the question, and that the court should hold that the amended complaint relates back to a date after the expiration of six months from the death of the deceased and prior to one year of his death. At the outset of the opinion in the Russell case, the court stated:

"The issue presents for our consideration the Nebraska statute of limitations controlling wrongful death actions; the effect of failure of the original complaint, filed within the statutory period, to properly allege legal capacity to sue; and the right of plaintiff to file an amended complaint alleging her right to maintain the action, after the statutory period of limitations had expired."

The original complaint was filed by Mrs. Russell in the United States District Court for the District of Nebraska on July 25, 1960. She alleged that she was bringing the cause of action for herself and as personal representative of the estate of her husband, James G. Russell, deceased. The deceased was fatally injured on July 26, 1958. On September 2, 1960, Mrs. Russell moved for leave to file an amended complaint, in which she alleged that on August 11, 1960, she had qualified and was appointed special administratrix of the estate of her husband. A motion to dismiss the amended complaint was sustained by the trial court and the plaintiff appealed. It will be noted that the original complaint was filed within the statutory period of limitations. Apparently the Nebraska statute creating a cause of action for wrongful death did not contain a built-in statute of limitations. It is also clear that the plaintiff had a legal or beneficial interest in the subject matter of the suit and a remedy for the assertion of the cause of action. The amendment to the complaint, merely substituting her as administratrix, in lieu of the first suit filed by her personally for herself and as personal representative of the estate of her husband, was not a new action. The decision of the court is to the effect that a plaintiff's capacity to sue relates to the right of action as contradistinguished from the cause of action. A right of action is ordinarily remedial, while a cause of action is substantive. By amendment she did not attempt to create a remedy or cause of action. She merely sought to perfect a remedy for the original cause of action. A comparison of the statutes of Missouri creating a cause of action for wrongful death with the statutes of Nebraska convinces the court that the Russell case is not decisive of the issues in the instant case.

The plaintiff also cited the case of Smith v. Tipton, (1964) 237 Ark. 486, 374 S.W.2d 176, but the court is unable to find that it has any application at all to the issues in the instant case. The parents of the deceased minors were administrators of the respective estates of the minors but had erroneously filed the suit in their names as parents rather than as administrators. There was no question of limitations in the case, and under the provisions of Ark.Stat.Ann. § 27-1160, the trial court permitted the plaintiffs to amend the complaint by interlineation substituting their names in their fiduciary capacities as parties plaintiff. The particular statute provides:

"The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Under the uncontroverted facts and the applicable law of both Missouri and Arkansas, there was nothing to which the amended complaint could relate back to, and both motions of defendant to dismiss should be sustained. Therefore, an order is being entered today sustaining both motions and dismissing the original and the amended complaint.